## WILSON vs. JACKSON, Adm'r.

1. The judgment of a sister State is *prima facie* evidence of jurisdiction of the person, where the writ was returned " executed," although such return may be informal.

2. It is not sufficient in an action upon such judgment, for a plea to the jurisdiction of the Court rendering the judgment, to aver that the defendant was *not a resident of the State*, it must also be shown that he was not *in the State.*

## ERROR to Lafayette Circuit Court.

HAYDEN, *for Plaintiff, insists:*

1st. The Court in Virginia had no jurisdiction of the person of the defendant, and could not have had, without the actual service of the original process upon the defendant by the Sheriff according to the command of the *capias*. It is the service of the process upon the defendant which could alone give the Court jurisdiction, unless the defendant had appeared to the action. See 2d Cowen, 477, and note to the case. 2 Mass. R. 195. Graham's Practice, 121—2.

2nd. That if the Court had no jurisdiction of the person of Wilson, the judgment is void, and the record of the judgment is *no record* against him, and consequently is no evidence that he owes the debt therein adjudged against him.

3rd. The fact of the service of the process upon the defendant by the Sheriff *according to the command* of the writ, is a fact which should appear from the record itself, and cannot be supplied by parol proof on the part of the plaintiff: but if it appear from the record, the *fact* thus appearing is not conclusive, but is only *primâ facie* evidence of the truth of the fact, and may be contradicted by proof on the part of the defendant. See 19th Mass. R. 388. 2 do. 154. 9th Mass. Reps. 236. 1 do. 86.

4th. The issue upon the special plea of the defendant which denies the jurisdiction of the Court in Virginia, requires of the plaintiff to prove the *fact of jurisdiction* from the record itself, and the record furnishes no such evidence. It should show as evidence that the Sheriff, by virtue of the writ, took or arrested the defendant by his body before the return day of the writ, within the body of his County, and that he read the writ to him, or declared to him the contents thereof, at the time of the service of the writ. 6 Bacon, 168, N. The question is a mixed question of law and fact, and a proper question for the decision of a jury under the instruction of a Court; and the pleas of the defendant which raise the question, are good pleas. The question does not depend upon the mere fact whether the defendant had notice of the suit against him in the sister State, but the question is, whether the party had *legal notice*, such as would give jurisdiction to the Court. If the pleas had been that the defendant had *no notice*, the pleas would have presented a broader issue than the law of the case required, and the defendant was not bound to make such issue with the plaintiff. See 6 Wendell, 447. The plea in the case in Wendell is identical with the plea in the case at bar, and was demurred to, and decided good. See 5 Wendell, 157—8.

5th. All returning officers, such as Sheriffs, are bound to return facts—specifically showing how, when, &c., they execute process placed in their hands to execute. See 12 Pick. 211. 1 Mass. Reps. 87—88.

6th. As the pleas at bar are both good against the whole action, and one is demurred to, and the facts thereby admitted as stated in the plea, this Court is bound to render such judgment here as the Circuit Court ought to have rendered, viz : a judgment of *nil capiat* for defendant. This is the judgment of *the law* upon such a state of pleadings, and which the Court was required to pronounce, and not having so done, the defendant has appealed to this Court to pronounce the same, or to reverse the judgment, and remand the cause and require the Judge below to pronounce the judgment of law in lieu of his *own judgment*, which was against law. See 1 Saunders, 80—81, N. (1.) Do. 109, N. (A.) 2nd Saunders, 300, N. (3.)

LEONARD & BAY, *for Defendant, insist:*

1st. The third plea is bad. It seeks to avoid the judgment on the ground that the notice given the defendant was not a legal notice, and refers the question of the legality of the notice to a jury, instead of submitting it to the Court. 1 Chitty's Pleadings, 244. Starbuck vs. Murray, 5 Wend. R. 159.

2nd. If it be a good plea, it is substantially the same as the fourth plea, and upon that plea issue was taken, *tried*, and found against the defendant; he had, therefore, under that plea the benefit of the same defence he has set up in his third plea, and, of course, the decision of the Court against the plea upon the demurrer did not prejudice him, and cannot be assigned for error.

3rd. If it be insisted that the fact of " non residence," stated in the third plea and omitted in the fourth plea, (which is the only difference between the two pleas,) is essential to constitute the other facts in the *plea* a good defence, it is now apparent that the rejection of the third plea has not prejudiced the defendant, for on the third trial the fourth plea has been found against him, and of course his third plea must have shared the same fate.

4th. The transcript of the Virginia judgment was rightly received in evidence, and if the defendant was subject to the jurisdiction of the State of Virginia, that judgment has the same effect in all respects in this State that it possesses in the State of Virginia. Mills vs. Duryee, 7 Cranch, 481. Hampton vs. McConnell, 3 Whea. 234. Shumway vs. Stillman, 6 Wend. R. 453. Gleason vs. Dod, 4 Met. Rep. 333. Hall vs. Williams, 6 Pic. R. 232. Bissell vs. Briggs, 9 Mass. Reps. 462. Aldrich vs. Kinney, 4 Conn. Reps. 380. Miller vs. Miller, 1 Bailey's Reps. 244. Clark vs. Day, 2 Leigh Reps. 172.

5th. The Sheriff's return upon the *capias* is evidence that the defendant had notice of the suit against him, and the Court therefore properly so declared. 8 Mo. Reps. 209. State use of Relfe vs. Perryman.

6th. The record expressly alleges that the defendant was *arrested;* and if this be not conclusive, it is certainly *prima facie* evidence of the fact of notice, and there was no evidence to repel that presumption.

7th. If all this be otherwise, the presumption from the fact of the judgment itself is, that the defendant was duly notified, unless the contrary appears on the transcript, or is established in proof, and neither of these positions are assumed. Shumway vs. Stillman, 4 Cow. Reps. 292. Same vs. Same, 6 Wend. Reps. 447. Scott vs. Coleman, 5 Litt. Reps. 350. Williams vs. Preston, 3 J. J. Marshall, 600.

NAPTON, J., *delivered the opinion of the Court.*

Mary S. Jackson, administratrix of John G. Jackson, deceased, brought an action of debt against Wilson, the plaintiff in error, on the record of a judgment rendered in Virginia. The defendant below pleaded *nul tiel record, nil debit,* and two special pleas. The first special plea set up as a defence, that the defendant was not a resident of the State of Virginia at the time of the commencement, or at any time during the pendency of the suit in the said Circuit Superior Court of law and chancery, of Harrison County, in the State of Virginia, in which said suit the said judgment was rendered, and that he (the defendant,) had no legal notice served on or given to him, to appear and defend the said suit, and never waived notice or appeared to the said action in the said Court, or in any

manner submitted himself to the jurisdiction of said Court. The second special plea was, that the defendant had no legal notice, and never waived notice, or appeared to the said action, or in any manner submitted himself to the jurisdiction of the Court, &c. The plaintiff demurred to the plea of *nil debit*, and the two special pleas; the plea of *nil debit* was withdrawn, and the demurrer sustained to the first special plea, and overruled as to the last. Issue was joined on the plea of *nul teil record*, and the plaintiff replied to the last special plea, first, that the said defendant did have legal notice, &c., and secondly, that before the recovery of the judgment in the Harrison Court, the plaintiff sued out her writ of *capias*, by which said writ the Sheriff was commanded to take the body of the said Wilson, &c., which said writ was delivered to the said Sheriff to be executed, and was duly and legally served, and was on the return day thereof, according to the law of Virginia, returned "executed," and so the defendant had legal notice, &c. To this second replication the defendant demurred, and the demurrer was sustained.

The case was submitted to the Court without the intervention of a jury. The plaintiff gave in evidence a record of the judgment of the Superior Court of law and chancery in Harrison County, Virginia. The return to the writ of *capias* was "executed." The plaintiff also read parts of certain Virginia statutes from the Revised Code of 1817. The Court, at the instance of the plaintiff, declared the law to be, that the return of the Sheriff on the writ of *capias* in the transcript of the record in evidence, was evidence that the said defendant had notice to defend said suit. The Court also, at the defendant's instance, declared its opinion, that the issue must be found for the defendant, unless the evidence was satisfactory that he was served with process, and had notice to appear in the said Circuit Superior Court of Harrison County. The issues were found for the plaintiff, and a judgment rendered accordingly. A motion for a new trial was unsuccessful, and the case comes here by appeal.

Since the case of Mills vs. Duryee, (7 Cranch, 481,) the Courts of the several States have assumed to act upon the principle, supposed to be decided in that case, that the judgment of one of the State Courts is of the same dignity in every other State, as in the one where it was pronounced. In that case it appeared from the record that the defendant had been arrested and given bail, and therefore had full notice of the suit. In Bissell vs. Briggs, (9 Mass. Reps. 462,) which was decided about the same time with the case of Mills vs. Duryee, the Supreme Court of Massachusetts considered the record of the judgment conclu-

sive as to every thing except the jurisdiction of the Court, which was allowed to be questioned under the plea of *nil debit.* In this respect, that Court admitted a distinction between judgments of another State and domestic judgments. Previous to these decisions it had been repeatedly held in New York, that the judgments of sister States stood upon the same foot with foreign judgments, and that the only effect of the fourth article of the Constitution of the United States, and the act of 1790, passed in pursuance thereof, was to facilitate the mode of proving such judgments. Hitchcock vs. Aikens, 1 Caine's Reps. 46. Kilburn vs. Woodworth, 5 Johns. Reps. 37. Robinson vs. Ward's ex'r, 8 J. R. 86. But in Andrews vs. Montgomery, (19 Johns. Reps. 162,) and in all the subsequent cases, the Courts of that State adopted the opinion pronounced in Mills vs. Duryee. It is agreed, however, by all or nearly all the cases decided in the State Courts, both before and since the case of Mills vs. Duryee, that the want of jurisdiction in the Court pronouncing the judgment may be shown for the purpose of impeaching its validity, and this opinion is maintained as entirely consistent with the construction which the federal Courts have given to the act of 1790. In New York it is held, that although the record itself shows that the defendant was served with process, or appeared to the action, yet this being a fact upon which the jurisdiction of the Court depends, may be denied by a special plea. The argument to sustain this position is thus stated by Judge Marcy in *Starbuck* vs. *Murray*, 5 Wend. Reps. 148 :— " If the defendant had not proper notice of, and did not appear to the original action, all the State Courts with one exception agree in opinion that the paper introduced, as to him, is no record; but if he cannot show even against the pretended record, that fact, on the alleged ground of the uncontrollable verity of the record, he is deprived of his defence by a process of reasoning that is to my mind little less than sophistry. The plaintiffs in effect declare to the defendant :—the paper declared on is a record because it says you appeared, and you appeared because the paper is a record. This is reasoning in a circle. The appearance makes the record uncontrollable verity, and the record makes the appearance an unimpeachable fact. The fact which the defendant puts in issue (and the whole current of State authority shows it to be a proper issue,) is the validity of the record, and yet it is contended that he is estopped by the unimpeachable credit of that very record, from disproving any one allegation contained in it. Unless a Court has jurisdiction, it can never make a record which imports uncontrollable verity to the party over whom it has usurped jurisdiction, and he ought, therefore, not to be es-

topped⟩by any allegation in that record fro m proving any fact that goes to establish the truth of a plea, alleging want of jurisdiction. So long as the question of jurisdiction is in issue, the judgment of a Court of another State is, in its effects, like a foreign judgment; it is *prima facie* evidence; but for all the purposes of sustaining that issue, it is examinable into to the same extent as a judgment rendered by a foreign Court. If the jurisdiction of the Court is not impeached, it has the character of a record, and for all purposes should receive full faith and credit." This reasoning brings the learned Judge to the same conclusion which C. J. Parsons arrived at, in the case of. Bissell vs. Briggs, except that Judge Parsons admitted the defence of want of jurisdiction to be given in evidence under the plea of *nil debit*, and considered the admission of such a defence as distinguishing these judgments of another State from mere domestic judgments. Judge Cowen, in his collation of the authorities on this point, (Cowen and H. notes to Phillips, p. 800, note 551,) notices with approbation this opinion of Judge Marcy, and adds, that "a want of jurisdiction in the Court pronouncing a judgment may always be set up when it is sought to be enforced, or when any benefit is claimed under it, and the principle which ordinarily forbids the impeachment or contradiction of a record, has no sort of application to the case." The authorities cited by the learned commentator in support of this proposition, are cases which merely sustain the general principles that a judgment pronounced by a Court which has no jurisdiction is a nullity, and that such want of jurisdiction may be shown where the judgment is one of a tribunal foreign to that where it is sought to be enforced. In no one of the cited cases is it shown, that in a suit on a domestic judgment, the defendant is at liberty to dispute the jurisdiction of the Court, when it appears on the face of the record that the Court had jurisdiction. The whole argument of Judge Marcy in the case of Starbuck vs. Murray, assumes, that to allow a denial of the jurisdiction of a Court is necessarily to permit the introduction of parol proof to contradict the record, whilst it is quite obvious that cases may happen in which the record either is silent as to such facts as would give the Court jurisdiction, or expressly shows the non existence of those facts, and consequently the jurisdiction of the Court may be impeached without impeaching the verity of the record. Is there any thing monstrous in the proposition, that a record should be conclusive on the question of jurisdiction, any more than it should be conclusive of other facts equally fatal to the interests of the party to be affected by the judgment? If a suit be brought in New York on a judgment of a Court of general juris-

diction of that State, and it appears on the face of the record, that the defendant was duly summoned or served with process, or appeared to and defended the action, could the defendant plead that he never appeared or had notice of the suit? If such a plea be inadmissible, could it be admitted in another State where that judgment might be sued upon, consistently with the doctrine in Mills vs. Duryee? In Green vs. Sarmiento, (1 Peters's C. C. R. 74,) Judge Washington said:—"If the law of any State does not prohibit such an outrage upon the immutable dictates of justice, as the exemption of any judgment from re-examination, which may have been *ex parte*, the defendant having had no opportunity to make his defence, then the Court which inadvertently gave the judgment, or a superior Court would provide the redress, and if the law or the Courts should leave the injured party without a remedy, and the Courts of another State would be bound to consider such judgment as conclusive, (on which point the Judge gave no opinion,) then the act of 1790 was not passed with sufficient consideration, and it may, and ought to be so amended as to give a conclusive effect to judgments only in cases where the trial was perfectly fair, and where both parties were or might have been heard." The same Judge held in Field vs. Gibbs, (1 Peters's C. C. R. 155,) that where the record of the judgment stated the defendant appeared and pleaded by attorney, that it could not be contradicted. Such, also, seems to be the doctrine in Massachusetts. Hall vs. Williams, 6 Pick. R. 232.

Conceding, however, such defences to be admissible, and that the doctrine in New York is entirely consistent with the opinions of the federal Courts on the construction of the act of 1790, the special pleas of the defendant are still not altogether free from objection. They allege that the defendant was not a resident of Virginia either at the time this suit was commenced or since, but they do not allege so clearly and distinctly as the rules of pleading require, that he never was within the State of Virginia, so that a writ could have been served upon him. It is true that the pleas contain the allegation that no *legal* notice was served upon the defendant; but this is leaving a question of law to be determined by the jury. And it is admitted, that a citizen of another State, when he comes within the territory of a particular sovereignty, contracts a sort of temporary allegiance to it, and may justly be subjected to its process, and bound personally by the judgments of its Courts. If, therefore, the defendant, though not a citizen of Virginia, was at any time within the territory of that commonwealth, and whilst there was served with the process of her Courts, the judgment of such

Court would bind him personally, and this the defendant was bound to deny by his plea, according to the New York authorities.

The Circuit Court, however, decided the second special plea to be a good one.  Why that plea was considered good and the first special plea held bad, we are unable to conjecture.  It is sufficient that the defendant was not prejudiced by this decision, inasmuch as the proof which devolved upon him under the second special plea was less burthensome than that which might have been requisite under the first.  The only question, then, which the Circuit Court decided of which the defendant below could complain, is the opinion expressed by the Court on the trial of the issue, that the Virginia record was *prima facie* evidence that the defendant had notice of the suit.

If it is to be considered as the settled construction of the Constitution and the act of Congress, that the judgment of a neighboring State is to be treated in all respects as though the Court before which it is brought were sitting and acting under the laws of the State where it was rendered, the enquiry is naturally suggested, how is the law and usage of the State, where the judgment was rendered, to be ascertained?  Will the Courts take judicial cognizance of the laws of other States?—or must the local laws and usages be proved, as other facts, and if so, upon which party will the burthen of proof devolve?  It seems that the Courts which have adhered most closely and literally to the doctrine of the federal Court in Mills vs. Duryee, have indicated a decided leaning in favor of the former position.  Clark and others vs. Day, 1 Leigh, 172. Curtis vs. Gibbs, 1 Pennington R. 399.  Judge Cowen observes, (3 Phil. Ev. p. 902,) that "all the decisions which have been made, overruling the plea of *nil debit*, when pleaded to a declaration on the judgment of a neighboring State, seem to us as virtually maintaining the domestic character of such judgments, to the extent of requiring the Court which is to pass upon its effect, to take judicial notice of the local law upon which that effect depends.  For how else can it be determined *upon demurrer*, that *nil debit* is improper?"

The plaintiff in error insists that the return of the Sheriff to the writ of *capias* as it appears upon the Virginia record, is entirely insufficient; that the law requires all officers in making their returns to return facts, specifically showing the time, manner and place of executing the same. In support of this position we are referred to several cases decided by this Court.  Charless vs. Marney, 1 Mo. Reps. 382; Hickman vs. Barnes, 1 ib. 110; Blanton vs. Jameson, 3 M. R. 38.  These are all cases in which the regularity of the judgment is questioned on appeal or writ of

error from the inferior Court where it was rendered. In such cases a strict compliance with the provisions of the statute has been required. But the question here is not whether the judgment rendered in Virginia was regular or might have been reversed, but whether it is a nullity for want of jurisdiction over the person of the defendant. The record shows that a *capias* issued, endorsed "no bail required," and the Sheriff returns that writ " *executed* "—it is also recited in the record that it appeared to the Court that the defendant had been arrested. This state of facts appearing on the record, would the judgment of the Superior Court of Harrison County be treated in Virginia as a nullity? Must not the record be allowed to be at least *prima facie* evidence of the service of the writ upon the defendant? Indeed the recitals of the record itself would seem to be some evidence that the return in this case was regarded in Virginia as a return of personal service.

Were we to assume, however, that the validity of this return was to be tried here by the laws of this State, and not by the laws and usages of the State of Virginia, we are not prepared to say that such a return would render the judgment of a Court of this State void, when called in question by a suit upon that judgment, or in any collateral proceeding. The question in such case would be, had the party personal notice of the suit, or was the writ served upon the person of the defendant; and the question is not upon the sufficiency or insufficiency of the Sheriff's return. A writ of *capias* can only be executed by a compliance with its mandates, and the term "executed" can mean nothing more or less than that the officer had complied with the mandates of the writ. It is true, that he ought to show in what manner he has performed this duty, and if his return does not so show how he has executed the writ, it may be quashed, or its insufficiency may be taken advantage of in other modes. But the legality or illegality of the Sheriff's return does not affect the question of jurisdiction. If enough appears from the return to authorize an inference of personal service of the writ, it is a sufficient warrant for the Court to proceed, and when those proceedings terminate in a judgment, and that judgment remains unreversed, it is but right to presume every thing in favor of the jurisdiction of the Court, if the vagueness of the record leaves any thing at all to presumption.

The other Judges concurring, the judgment of the Circuit Court is affirmed.