THOMAS W. CHAMBERS, Defendant in Error, v. JOSEPH M. CARTHEL and WILLIAM C. BLAKELY, Plaintiffs in Error.

1. *Pleading—Exhibits—Record.*—The instrument of writing sued upon and filed with the petition, is not part of the record.
2. *Practice—Default.*—Upon a motion to set aside a judgment by default, the court cannot be required to review the evidence upon which the judgment was given.

*Error to Greene Circuit Court.*

*T. A. Sherwood,* for plaintiff in error.

The judgment was irregular, and could be for that irregu-

larity set aside on motion at any time within three years, (R. C. 1855, p. 1290, § 26,) and the time limited had not expired. A judgment is irregular whenever given for a greater amount than that shown by the petition and accompanying papers to be due. Such judgment is erroneous in matter of fact, and can be corrected by writ of error *coram nobis;* and whenever such a writ lies, a motion under our statute will accomplish the same object. (2 Tidd, 1136; Stacker v. Cooper Circuit Court, 25 Mo. 401; Maupin v. Triplett, 5 Mo. 422; Cox v. U. S. 6 Pet. 171.)

There was no necessity even that a motion should have been made in the court below, in order to take advantage of this irregularity of the judgment by writ of error. (West, assignee of Maloy, v. Miles, 9 Mo. 167, and cases therein cited; Powell v. Gott, 13 Mo. 458.)

BATES, Judge, delivered the opinion of the court.

The defendant suffered judgment to go against him by default, and at a subsequent term moved the court to set aside the judgment for the following reasons:

1. Said judgment is irregular in this, that it is rendered for a greater sum than plaintiff is entitled to by the instrument on which he brings suit.

2. Said judgment bears ten per cent. interest, and the said instrument sued on draws no interest.

3. Said judgment is rendered for damages, and plaintiff is entitled to none.

The motion was overruled and the defendant brings up the case.

The Circuit Court did not err in overruling the motion. Without adverting to other reasons in support of the judgment of the Circuit Court, it is sufficient to say, that the motion is upon grounds which would require the court to review the evidence upon which the judgment was given. It claims that the judgment is too large, not because it exceeds the amount claimed in the petition, but because it exceeds the amount to which he was entitled by the instrument sued on. The promissory note is not a part of the petition, though

filed with it, and the clerk in certifying to this court a copy of the record, did wrong in copying the note into it; the note is no part of the record. For all that appears by the record, the judgment of the Circuit Court is correct in every particular.

Judgment affirmed. Judges Bay and Dryden concur.