DEITZ & WALDE, Plaintiffs in Error, *v.* CHARLES J. CORWIN and WILLIAM G. CHEENEY, Defendants in Error.

1. *Note Negotiable—Endorser.*—The payee of a negotiable promissory note endorsing the same for the accommodation of the maker before delivery, although a security for the maker, is not a joint maker but endorser, and is entitled to all the rights of an endorser of negotiable paper, as demand and notice.

2. *Pleading—Exhibits.*—An exhibit stated to be annexed to or made part of a pleading, does not thereby become part of such pleading.

*Error to Cole Circuit Court.*

*G. T. White,* for plaintiffs in error.

It was admissible to allege and show what the understanding of the parties was as to their liability at the time of making the instrument; and moreover, Corwin's name being written on the note at the time of its making, made him an original promissor. (Lewis v. Harvey, 18 Mo. 74–82; Perry v. Barnett, 18 Mo. 140–145; Schneider v. Schiffman, 18 Mo. 571–2; Baker v. Black, 3 Mo. 225–7.)

Parol evidence is admissible to show how the parties stood on the paper, whether principal, security, endorser or guarantor (Christy's Adm'r v. Herne, 24 Mo. 247), and what was their intention. (3 Ves. & B. 3.) The rule only forbids a change by parol of the language of the instrument, and does not forbid showing by circumstances the understanding of the parties. (1 Greenl. Ev. §§ 277, 287–8, 295.) It is immaterial upon what part of the instrument Corwin signed his name. If it was signed with the view of making him a

joint or original promissor, he is now liable. (Will. Pers. Prop. 73 ; Garnett v. Ferguson, 9 Mo. 125, 128.) The rule only excludes evidence that would change the language of the instrument, and not the circumstances in which the party was placed. (1 Greenl. Ev., § 297.)

*J. E. Belch*, for defendant in error.

Corwin is to be treated as an endorser of an inland bill of exchange, and should have had notice. (R. C. 1855, p. 296, § 16.) Parol evidence cannot be introduced to vary written agreements. (29 Mo. 307 ; Edw. Bills, 315.) The petition improperly joins two distinct causes of action in one count.

BATES, Judge, delivered the opinion of the court.

The petition in this case is as follows : "Plaintiffs state that defendants by their writing hereunto annexed, dated August the 8th, 1859, promised to pay the sum of three hundred and twelve dollars and fifty cents, four months after date. That said Cheeney delivered said writing when executed to plaintiff, with the name of the said Corwin endorsed on the back of the same, with the understanding then existing between the plaintiffs and defendants, that said Corwin was security on said instrument, and the same was made out and delivered to plaintiffs to secure to them the payment of said sum of money owing from said Cheeney to plaintiffs," with an admission of a credit, and a prayer of judgment.

The instrument annexed to the petition is as follows : "$312.50. Jefferson City, August 8, 1859. Four months after date, I promise to pay to the order of C. J. Corwin three hundred and twelve $\frac{50}{100}$ dollars, for value received, negotiable and payable with [without] defalcation or discount, and with interest from date at the rate of ten per cent. per annum until paid. W. G. Cheeney." On the back of which was the endorsement " C. J. Corwin."

There was a demurrer by Corwin to the petition, which was sustained; and the plaintiff has brought up the case.

The demurrer was not well taken, upon the grounds stated in it; but inasmuch as the petition does not state facts sufficient to constitute a cause of action, we will not reverse the judgment. The parties appear to have erroneously supposed that the " instrument" annexed to the petition was a part of the petition. Even if it were so, the petition is not sufficient. The liability of the defendant was that only of an endorser of a negotiable note, and the petition contained no averments of demand, notice, &c., which were necessary to charge him as such endorser.

It may be very true as alleged, that Corwin endorsed the note as a security, but that does not constitute him a maker of the note. He was a security only as every accommodation endorser is a security, having the same rights, and being subject to the same liabilities as other endorsers of negotiable paper. If he had been a stranger to the note, the case would have been different, but he is one of the original parties, being the payee of the note. Regarding the note as not a part of the petition, yet the petition does not show a cause of action. It does not describe the instrument as a promissory note, or state that the promise to pay was for value received, or upon any consideration, nor to whom the promise was made, nor by whom the instrument was signed. In truth, the pleader regarded the note as a part of the petition, for without it the petition is curiously defective.

Judgment affirmed.