## C. V. L. RANDALL, Appellant, v. WILLIAM H. SNYDER and BUNKER LUMBER COMPANY.

### Division Two, July 14, 1908.

1. **ATTACHMENT: Based on Foreign Judgment: Order of Publication: Wrongful Name of County.** Where suit was brought in this State against a non-resident on a judgment rendered in the common pleas court of Clark county, Ohio, and the clerk in issuing the order of publication stated therein that "the object and general nature of which is to recover from defendant the sum of $1,634.14 by reason of a judgment heretofore rendered in the court of common pleas of Franklin county, Ohio, in favor of said plaintiffs and against said defendant, the said amount being the balance due on said judgment, a certified copy of which is filed and made a part of the petition in said cause," the mistake of the clerk in writing "Franklin" instead of "Clark" county, did not invalidate a judgment rendered by default, when attacked in a collateral proceeding, because an inspection of the petition would have demonstrated the clerical error. [Distinguishing Janney v. Spedden, 38 Mo. 396; Railroad v. Atchison, 137 Mo. 230, and other cases.]

2. ——: ——: ——: **No Description of Land.** Nor were the attachment proceedings void because the order of publication did not describe the land. Jurisdiction over the land was given by the levy of the attachment.

3. ——: ——: **Executors: Final Settlement: Capacity to Sue.** Objections that foreign executors have no capacity to maintain

an action in this State, and that final settlement of the estate having been made and the executors discharged they had no authority to bring an action on a foreign judgment in favor of the estate, should have been made as defenses to the suit brought on said foreign judgment in this State. They cannot be made available as defenses in a collateral proceeding—namely, where, in an action to quiet title, the defendants claim title through a sheriff's deed made upon execution issued under the judgment which was based upon said foreign judgment.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*J. W. Chilton* and *Ed. J. Shuck* for appellant.

(1) When jurisdiction of the person is sought by constructive service of notice, the order of publication "must state briefly the object and general nature of the petition." R. S. 1899, sec. 575. An order of publication reciting that suit had been commenced against defendant by attachment, "the object and general nature of which was to recover from him the sum of $1,634.14, by reason of a judgment obtained by the plaintiffs against defendant in the common pleas court of Franklin county, Ohio," was not notice to a defendant that suit had been commenced against defendant based upon a judgment rendered against him in the sum of $2,164.16 in the court of common pleas of Clark county, Ohio, and did not notify defendant in said suit of the object and general nature of the suit. Bobb v. Woodward, 42 Mo. 482; Janney v. Spedden, 38 Mo. 395. When jurisdiction of a defendant is sought by order of publication, a strict compliance with the statute authorizing such substituted service of process is imperatively necessary; otherwise the service and proceedings thereupon are void. Railroad v. Hoereth, 144 Mo. 148; Turner v. Gregory, 151 Mo. 103; Meyers v. McRay, 114 Mo. 382; Kelly v. Murdagh, 184 Mo. 381;

Land & Mining Co. v. Land & Cattle Company, 187 Mo. 420. The object and general nature of a suit is not stated unless land sought to be affected by the suit, and brought under the jurisdiction of the court, is described in the order of publication. Winningham v. Trueblood, 149 Mo. 584; Stewart v. Allison, 150 Mo. 347; Milner v. Shipley, 94 Mo. 106. And although a judgment may be fair on its face, it is competent to show by the whole record that the court rendering such judgment had no jurisdiction of the person of defendant, and that such judgment is void. Stewart v. Allison, 150 Mo. 343; Milner v. Shipley, 94 Mo. 106; Crow v. Meyersieck, 88 Mo. 411; Feurt v. Adams, 174 Mo. 289. (2) "It is well settled that an executor or administrator cannot, as such, maintain a suit in one State by virtue of letters granted in another." Naylor's Admrs. v. Moffat, 29 Mo. 126; Wolf v. Sun Ins. Co., 75 Mo. App. 306. And after the final settlement and discharge of an executor or administrator, he cannot maintain an action under any circumstances to recover a debt due the estate closed by him. Goebel v. Foster, 8 Mo. App. 443; State ex rel. v. Stephenson, 12 Mo. 182; Morton v. Hatch, 54 Mo. 408; Garner v. Tucker, 61 Mo. 427.

*Shuck & Cunningham* for respondents.

GANTT, J.—This is a proceeding under section 650, Revised Statutes 1899, to try and determine the title to 320 acres, the south half of section number one, in township 28, of range 6 west, in Shannon county, Missouri. The proceeding was begun December 23, 1904, and was tried at the March term, 1905, resulting in a judgment for the defendants, from which plaintiff has appealed to this court.

The land in controversy is wild and uncultivated timber land and not in the actual possession of any

person or persons. The defendants answered. The defendant Lumber Company admitted that it was a corporation organized under the laws of this State, and that it claims the title and ownership of the said real estate, and denies all other allegations. The defendant Snyder admitted that he was a non-resident of this State and alleged that the land described in the petition was owned by and in possession of the Bunker Lumber Company and denied all other allegations in the petition.

On the trial it was admitted by both plaintiff and the defendant that Onslow B. Todd was the common source of title. The plaintiff then introduced in evidence a quitclaim deed from said Todd and wife to plaintiff of date November 11, 1904, and filed for record on November 26, 1904, conveying to plaintiff all of the lands in controversy. Plaintiff then rested.

The defendants then offered in evidence a sheriff's deed, executed by J. T. Bay, ex-sheriff of Shannon county, Missouri, which recited a judgment rendered in the circuit court of Shannon county, on the 16th day of September, 1898, in favor of William H. Snyder and James B. Pearson, executors of the last will and testament of Sarah Pearson, deceased, and against Onslow B. Todd, for $1,634.14 for debt and $23.02 for costs and reciting that said judgment had been adjudged a lien and charge upon said south one-half of section one, township 28 north, of range 6 west, upon which a special execution was issued from the clerk's office of said court in favor of the said Snyder and Pearson, executors of the last will and testament of Sarah Pearson, deceased, and against said Onslow B. Todd, of date December 31, 1898, by virtue of which the said sheriff levied upon and seized all the right, title, interest and estate of said Onslow B. Todd of, in and to said 320 acres of land. The deed then recites that after having given twenty days' notice of

the time and place of sale and of the real estate to be sold by advertisement in the ''Current Wave,'' a newspaper published in said county, he did on the 15th day of March, 1899, during the session of the circuit court of said county, at its March term, 1899, expose said land at public auction for sale for ready money, and William H. Snyder being the highest and best bidder at and for the price of fifty dollars, the same was stricken off and sold to him for that sum. The deed was duly acknowledged before the circuit court on the 16th of March, 1899, and filed for record on the same day. The plaintiff's objection to this deed will be noticed in the discussion of the case. The defendants then offered in evidence a warranty deed from the said William H. Snyder and wife to the Bunker Lumber Company of date May 2, 1904, duly acknowledged and recorded February 1, 1905. The defendants then rested.

Thereupon the plaintiff offered in evidence the original files in the attachment suit of William H. Snyder and James B. Pearson, executors of the last will and testament of Sarah Pearson, deceased, against Onslow B. Todd, being the suit upon which the defendants' sheriff's deed is based. Also a duly certified copy of the judgment and proceedings of the common pleas court for the second division of the second judicial district of the State of Ohio, which includes Clark county in the State of Ohio, upon which said judgment an action by attachment in the circuit court of Shannon county was based. Also a duly certified copy of the record of the probate court of Clark county, Ohio, showing the final settlement of said William H. Snyder and James B. Pearson, executors of the last will and testament of Sarah Pearson, deceased, of date January 31, 1898, and especially the order of publication in the circuit court of Shannon county in the attachment case of said Snyder and Pearson against

Onslow B. Todd.   From all of which it appears in substance that said William H. Snyder and James B. Pearson were appointed executors of the last will and testament of Sarah Pearson, deceased, by the probate court of Franklin county, Ohio, on the 5th day of August, 1892, but afterwards, to-wit, on January 31, 1898, having fully administered said estate, they made their final settlement and were discharged.   The said William H. Snyder and James B. Pearson as executors of the last will of the said Sarah Pearson, deceased, began an action in the circuit court of Shannon county, Missouri, against said Onslow B. Todd, and in their petition alleged that said plaintiff as such executors on the 26th of February, 1894, obtained a judgment against said Onslow B. Todd, in the common pleas court of Clark county, Ohio, in the sum of $2,164.16, a copy of which said judgment was filed with the petition, and made a part thereof, which said judgment was by the defendant or sheriff credited with $530.07, and further alleged that the defendant Todd was a non-resident of Missouri, so that the ordinary process of law could not be served upon him; that said Todd is the owner in fee of the south half of section one, township 28, range 6, in Shannon county, Missouri, and prayed judgment in the sum of $1,634.14, and that an attachment might issue against said land.   At the same time, the plaintiffs filed an affidavit by the attorney of said plaintiffs stating that the said plaintiffs had a just judgment against said Todd, and that the amount due after allowing all just credits and set-offs was $1,634, and that the defendant was a non-resident of this State.   A writ of attachment was duly issued and said land levied upon and at the return of said writ, on the default of the said Onslow B. Todd, judgment by default was taken against him, and a special execution was issued under which the land in suit was sold, and William H. Snyder, one of the said

plaintiffs, became the purchaser of said land at said sale for fifty dollars. Onslow B. Todd was a non-resident of Missouri and the only notice served on him of the said attachment suit was the order of publication, which recited that the object and general nature of the petition filed was "to recover a claim of $1,634.14, by reason of a judgment obtained by the plaintiffs against defendant in the common pleas court of *Franklin county, Ohio,* being the balance due on said judgment." The said order of publication did not describe the land.

The plaintiff's contention is, first, that the attachment proceedings were void because the court rendering the judgment therein had no jurisdiction of the person of said Onslow B. Todd, because the order of publication was void, and, second, that under no circumstances did the respondent obtain title by its deed from W. H. Snyder.

I.   From the foregoing statement it will be readily observed that this is a collateral attack by the plaintiff upon the judgment of the circuit court of Shannon county in the case of Snyder & Pearson v. Onslow B. Todd. That was an action by attachment and the lands in controversy herein were seized and levied upon by the sheriff in pursuance of a writ of attachment in due form, and an abstract of said attachment showing the names of the parties to the suit and the amount of the debt and date of the levy and the description of the real estate levied on was duly filed by the sheriff in the office of the recorder of deeds of Shannon county, on the 9th day of July, 1898. The first ground of assault upon said attachment proceedings and judgment is based upon the recital in the order of publication, which states, "The object and general nature of which is to recover from him [the said Onslow B. Todd] the sum of $1,634.14, by reason of a judgment heretofore rendered in the court of common pleas of

Franklin county, Ohio, in favor of said plaintiffs and against said defendant, the said amount being the balance due on said judgment, a certified copy of which is filed and made a part of the petition filed in said cause." The point is that such judgment as shown by the exhibit filed with the petition and upon which the suit was brought was in fact rendered in the common pleas court of Clark county, Ohio, and not in the common pleas court of Franklin county, Ohio, the argument being that this order of publication did not notify the defendant, Todd, that he was being sued upon a judgment of the common pleas court of Clark county, and hence did not correctly state the object and general nature of plaintiffs' demand against the said defendant. That the order of publication correctly recited the names of the plaintiffs in the common pleas court of Ohio and the balance due upon the said judgment, and notifies the defendant that a judgment will be asked upon a judgment in favor of the said plaintiffs against the said defendant and that a certified copy of the said judgment is filed with and made a part of the petition, plainly appeared, from which it is plain that the clerk made a mistake in stating that said judgment was rendered in the common pleas court of Franklin county instead of Clark county, which was readily ascertainable by reference to the petition itself, a certified copy of the judgment being filed therewith.

In support of this contention plaintiff cites us to Janney v. Spedden, 38 Mo. 396. In that case it was ruled by this court that where defendant, a non-resident, is brought into court by an order of publication, and does not appear, the plaintiff cannot have any other or different relief than that prayed for in his petition. If after publication the plaintiff amend his petition and take a different judgment from that originally prayed, the judgment will be null and void;

after service of notice by publication the defendant cannot be held to have any notice of amendments to the petition. And that case was subsequently followed in Bobb v. Woodward, 42 Mo. l. c. 489. In Railroad v. Atchison, 137 Mo. l. c. 230, it is said: "A defendant is brought into court to answer the allegations of the petition. In condemnation proceedings it is essential that the land to be affected thereby should be described so that the owner may be advised of the demands made upon him. He may be indifferent as to the appropriation of one tract, and may seriously object to the appropriation of another. If he make default he can only be bound by a judgment authorized by the petition he was summoned to answer. A petition cannot, therefore, be amended in a matter of substance, after publication of notice, so as to make a valid judgment thereon against a defendant who does not appear. [Janney v. Spedden, 38 Mo. 395, and other cases.]"

Applying the doctrine of the foregoing cases to the facts before us, it is clear there was no amendment to the petition in this case, and if as said in Railroad v. Atchison, supra, the defendant is brought into court to answer the allegations of the petition, an inspection of that petition would have demonstrated the clerical error of the clerk in misdescribing the court in which the judgment was rendered, and the defendant was at once apprised that the plaintiffs were seeking to recover a judgment on the unpaid balance of the judgment in the common pleas court of Clark county, Ohio. It is clear, moreover, that this case does not fall within the principle announced in Janney v. Spedden, supra, in this, that no change in the relief sought was made by the mere fact of the clerk misdescribing the court in which the judgment was rendered. Had the defendant appeared in that case, as he had a right to do, and pleaded *nul tiel* record, no question what-

ever could arise as to the right of the court to have permitted the amendment to the extent of inserting the name of the proper county. Looking at these proceedings from the point of a collateral attack, we do not think they should be held void on this ground.

II. But it is urged that the attachment proceedings were and are void because the order of publication did not describe the land attached. In support of this contention, the plaintiff relies upon the decisions of this court in Milner v. Shipley, 94 Mo. 106; Winningham v. Trueblood, 149 Mo. l. c. 584; Stewart v. Allison, 150 Mo. l. c. 347. In those cases and others, which were actions under the tax law of this State to enforce the State's lien against specific real property, it was held that a statement of the object and general nature of a petition, which omitted the land against which the lien was sought, was wholly insufficient. With those decisions we are entirely satisfied, but in the present case, we are confronted with another well-settled principle of law. In Hardin v. Lee, 51 Mo. l. c. 244, it was said by this court: "In attachment causes, the jurisdiction over any given subject-matter is obtained by levy thereon of a writ properly issued; and no matter what or how great errors or irregularities may subsequently occur, the *res* remains still in the grasp of the court, and its judgment in regard thereto will be valid and binding until reversed on error or by appeal, or set aside in a direct and appropriate proceeding for that purpose." This statement of the law was reiterated in Freeman v. Thompson, 53 Mo. 194. And in this last-mentioned case, it was further said: "The difference to be observed between those proceedings, whose seizure at the outset at once confers jurisdiction over that which is seized, and those methods of procedure which look to the acquisition or enforcement of some specific right, title or remedy, is this: That in the former class of cases, jurisdiction without

seizure or levy never attaches, no matter how long or
how often notice may be given; nor in the latter until
publication be made. In other words, it is the levy
of the writ in one case, and the publication in the other,
that gives the court power to act; and this is jurisdic-
tion." That case was cited with approval and fol-
lowed in the recent case of Williams v. Lobban, 206
Mo. l. c. 408 and 409. In Holland v. Adair, 55 Mo. l. c.
49, it was said: "The petition was regularly filed, the
affidavit for the attachment was regular and sufficient,
the writ of attachment was sufficient and regularly
issued, the levy on the land is unquestioned and publi-
cation regularly ordered by the court, and regularly
published; but the simple question growing out of the
declaration of law under consideration is, whether the
omission in the publication to state the amount of
the damage claimed would render the after proceed-
ings and judgment of a court so void that a sale under
a special execution issued on said judgment would
confer no title, and could be attacked in a collateral
proceeding and be held void. That this defect in the
notice is an irregularity, is admitted, but the court
having acquired jurisdiction of the cause, and of the
property attached, and having in its judgment found
that publication had been duly made, the judgment is
not void and cannot be attacked in a collateral pro-
ceeding. [Kane v. McCown, 55 Mo. 181; Cooper v.
Reynolds, 10 Wall. 308.] In Shea v. Shea, 154 Mo.
599, this subject was again reviewed, and it was said:
"Our answer is that in this court in all collateral at-
tacks, it is held that in attachment causes the jurisdic-
tion over any given subject-matter is obtained by the
levy thereon of a writ properly issued and no matter
what or how great errors or irregularities may sub-
sequently occur the res remains still in the grasp of
the court and its judgment in regard thereto will be
valid and binding until reversed on error or appeal or
214 Sup.—3

set aside in a direct and appropriate proceeding for that purpose. [Hardin v. Lee, 51 Mo. 241; Freeman v. Thompson, 53 Mo. 183.]''

While it may be conceded that the clerk could, with propriety, have stated that the land of the defendant had been attached and have described the land in the order of publication, the statute, section 575, Revised Statutes 1899, makes no such requirement, as did the statute of 1855, Revised Statutes 1855, page 246, section 23, upon which Duressett's Admr. v. Hale, 38 Mo. 346, was decided. But even under that statute in Harris v. Grodner, 42 Mo. 159, in which the publication notified a defendant his property was ''about to be attached,'' it was held sufficient.

Counsel for plaintiff has urged that the plaintiffs had no capacity to sue because foreign executors as such had no right to maintain an action in this State, and moreover having administered the estate of Mrs. Pearson and been discharged, of course had no authority to bring suit on a judgment in favor of her estate, but these objections were clearly matters of defense, which could have been pleaded successfully against any judgment in their favor, but no such defense was interposed and plaintiff who was no party to that action cannot in this collateral proceeding avail himself of these defenses to have the judgment obtained by said executors adjudged void. Onslow B. Todd had three years after the rendition of that judgment in which to have attacked the same on said grounds, but did not do so, and that judgment is now unreversed and final. These alleged errors and irregularities do not go to the jurisdiction of the circuit court of Shannon county and cannot avail plaintiff in this collateral action.

It results that the judgment of the circuit court must be and is affirmed.

*Fox, P. J.*, and *Burgess, J.*, concur.