W. W. TOLER v. FRANK W. COOVER and MARGARET B. COOVER, Appellants.—71 S. W. (2d) 1067.

Division Two, May 17, 1934.

*Goodwin Creason* for appellants.

*Beardsley & Beardsley, J. John Gillis* and *Henry D. Green* for respondent.

TIPTON, J.—This is an appeal from a judgment rendered in the Circuit Court of Jackson County, Missouri, wherein the respondent obtained a judgment against the appellants in the sum of $7547.26.

Respondent's petition alleged that he had instituted a cause of action in a District Court of Leavenworth County, Kansas, against the appellants on several promissory notes secured by mortgages on

real estate located in that county; that that court was a court of general jurisdiction; that it had jurisdiction of the persons of the appellants and of the subject matter of that action; that the appellants were personally served and appeared by their duly authorized attorney; that judgment was rendered by that court in favor of the respondent and against the appellants in the sum of $14,274 with interest from March 9, 1928, at the rate of ten per cent per annum.

The judgment provided that it was a first lien upon certain described real estate situated in that county; that it authorized that this real estate be sold by the sheriff of that county; that the proceeds thereof be applied in satisfaction of judgment; and that the appellants have six months to redeem this real estate. The petition further alleged that the property was sold by the sheriff for the sum of $9500 and after paying the court costs, left the sum of $8757.73; that the judgment was credited with this amount, leaving a balance of $5881.05. The petition further alleged that there was no appeal taken from this judgment and six months had elapsed since the sale of the real estate by the sheriff and it had not been redeemed. The appellants' answer was a general denial.

The case was tried before the judge without the aid of a jury. At the trial a duly certified copy of the judgment obtained in the District Court of Leavenworth County, Kansas, and the subsequent proceedings showing this credit on this judgment were admitted in evidence. Judgment in the case at bar as above stated was in favor of the respondent. Other essential facts will be stated in the course of this opinion.

■ The only question in the case at bar is whether the respondent's petition is sufficient to sustain the judgment of the trial court. At the beginning of the trial the appellants objected "to the introduction of any evidence in the case for the reason that the petition did not state a cause of action." As far as this record shows this is the only attack made upon the petition. We have recently ruled that such an objection serves "no other purpose than that of incumbering the record and consuming the time of the court." Such an objection serves no purpose in any case. [Gridstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S. W. (2d) 702.] Under this state of the record we must treat the petition as sufficient, unless the petition is so fatally defective that a judgment rendered thereon cannot be sustained. [Grove v. Kansas City, 75 Mo. 672; Roberts v. Walker, 82 Mo. 200; and Myers v. Adler, 176 S. W. 538, 188 Mo. App. 607.]

■ The appellants first attack the respondent's petition in this case because the proceedings in the District Court of Kansas "were not set forth and pleaded in plaintiff's petition herein, as required by Section 1 of Article 4 of the Constitution of the United States

and the Act of Congress of May 26, 1790, known as the "Full Faith and Credit Act." The petition in the case at bar pleaded the judgment of the District Court of Kansas, but did not plead the petition, the answer and the reply in that case. If we understand the appellants correctly they contend that the respondent should have pleaded the petition, answer and reply and his failure to do so, makes this petition fatally defective.

In the case of Lewis v. Stickney Cigar Co., 209 S. W. 134, the Saint Louis Court of Appeals said:

"We have set out the only objection made by defendant to the introduction of the judgment as so certified. While it was held in Crone v. Dawson, 19 Mo. App. 214, as also in some other cases following that decision, that the whole record is required to be certified, later cases hold that this is unnecessary. As see Howard v. Strode, 242 Mo. 410, 148 S. W. 792, Ann. Cas. 1913C, 1057, and also Western Assurance Co. v. Walden, 238 Mo. 49, l. c. 61, 141 S. W. 595, which hold that transcript of the judgment, properly certified, is all that is necessary to make out a prima facie case."

In the case of Howard v. Strode, 242 Mo. 210, l. c. 226, 146 S. W. 792, we said:

"Concerning the objections that the decree fails to show due service, and is also incomplete, absent the entire record, the decree states in effect that legal service was had by publication. This makes a prima facie case of due and legal service. It must be presumed that the court proceeded in due course, and by right, upon a sufficient record. In the recent case of Lieber v. Lieber, 239 Mo. 1, we approve this from 13 Am. & Eng. Ency. Law (2 Ed.), p. 995: 'Where reliance is placed on a foreign judgment rendered by a court of record and of general jurisdiction the presumption is that such court had authority to render the judgment in question, and that the necessary jurisdiction was acquired properly.' "

In the case of Western Assurance Company v. Walden, 238 Mo. 49, l. c. 61, 141 S. W. 595, we said:

"The record in this case discloses the facts that said judgment and transcript were duly authenticated according to the Act of Congress governing such matters; also shows that the Circuit Court of Cook County, Illinois, is a court of record, and has a judge presiding, a clerk attending upon the same, as well as a seal of court. Upon that state of facts the law presumes that such a court is a court of general jurisdiction, and that it had jurisdiction of the subject-matter of the action pending herein, and of the parties thereto; and, in the absence of proof to the contrary, such presumption is conclusive. (Citing cases.)

"Section 1 of Article IV, of the Constitution of the United States provides that 'full faith and credit shall be given in every state to

118

the public acts, records and judicial proceedings of every other state.' Full faith and credit cannot be given to judgments and judicial proceedings of another state, by the courts of this, except where those matters are called to the court's attention, and that can only be done in such a case by offering or introducing them in evidence.''

We hold that a prima facie case is made when a duly certified copy of a judgment of a sister state is offered in evidence. It is not necessary to plead more than is sufficient to make a prima facie case, and it was not necessary for the respondent in his petition to plead the petition, the answer and the reply. He pleaded the judgment be obtained in the District Court of Kansas and that is sufficient.

■ Also, the appellants contend that the petition in this case is defective in that the respondent has failed to plead the laws of the State of Kansas upon which the judgment was predicated. In respondent's petition he does allege that the District Court of Leavenworth County, Kansas, is a court of general jurisdiction and that it had jurisdiction of the subject matter of that action and it had jurisdiction of the persons of the appellants, and that they appeared to that action by their duly authorized attorney. In oral argument in this court the appellants admitted that the District Court of Kansas was a court of general jurisdiction and that it had jurisdiction of the persons of the appellants.

Judgments obtained in courts of general jurisdiction of a sister state, that have jurisdiction of the parties to an action, are presumed to be valid. In other words there is a presumption as to jurisdiction on part of the court rendering the judgment both of the cause of action and the person of the defendant. The burden to overcome such presumption is on the party asserting its invalidity unless the proceedings show on their face that they are not entitled to that presumption. [Seymour v. Newman, 77 Mo. App. 578; Wilson v. Jackson, 10 Mo. 329; Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458.]

In 15 Ruling Case Law, page 947, article 425, the author said:

''When a defendant is sued on a foreign judgment the question of jurisdiction cannot be raised by a general demurrer to the declaration, for it will be presumed that the court had jurisdiction until the contrary is shown by proof under a proper plea. The general rule is that the want of jurisdiction on the part of a court of general powers to render judgment must be pleaded by the defendant in an action upon the judgment, unless the defect in jurisdiction affirmatively appears from the record, in which cases objection may be taken to the admission of the record in evidence. Accordingly it has been ruled that a plea in an action on a judgment of a sister state denying the jurisdiction of the court must by positive and certain averments negative every fact from which jurisdiction could be presumed. In an action on a foreign judgment, an answer is insufficient which

does not allege want of jurisdiction of the person or subject matter of the controversy, but alleges simply that the judgment was rendered without jurisdiction, because rendered upon a complaint which, upon its face, disclosed no cause of action. Pleas in bar of suits on judgments of sister states must deny, by clear and positive averments, every fact which would go to show jurisdiction, whether with reference to the person or the subject matter.''

We do not understand that the appellants controvert this proposition of law. But they contend that the petition in this case shows on its face that the District Court of Leavenworth County, Kansas, did not have jurisdiction of the subject matter of that action, unless it was given it by a statute that is in derogation of that common law, and therefore, this statute should have been pleaded in this action.

In support of their contention the appellants relied upon the case of Schroeder v. Edwards, 267 Mo. 459, 184 S. W. 108. The judgment offered in evidence in that case showed on its face that it was entered by the clerk in vacation. We held that if the clerk had any authority to enter a judgment in vacation he must have obtained his authority to do so by some Illinois statute as the proceeding upon its face appears to be unknown to the common law and it was necessary to prove the statutory authority to render such a judgment.

Appellants, also, rely upon the case of Smith v. Trimble-Compton Produce Co., 9 S. W. (2d) 865. In that case the Kansas City Court of Appeals held that as the Wisconsin judgment sued on was obtained by service upon the defendants by complying with certain Wisconsin statutes and as the petition alleged such a fact, it was necessary to plead these statutes and it was not sufficient to plead the statutes by their numbers. The petition in that case failed to plead the statutes and therefore the objection to the introduction of any evidence should have been sustained.

In State ex rel. v. Grimm, 239 Mo. 340, 143 S. W. 450, and Schroeder v. Edwards, supra, we adopted as the correct rule the following statement found in 2 Black on Judgment, section 875:

''And it is further to be observed that if the court rendering the judgment was one of limited, inferior, *or statutory jurisdiction, or if the proceedings were in derogation of the common law*, jurisdiction will not be presumed, but must be affirmatively shown by the face of the record or fully and distinctly pleaded and proved.''

The appellants take the position that ''the provision in said Kansas judgment, as to the redemption of the property by the defendants within six months after judgment was rendered, and the allowance of ten per cent interest, could not be rendered in a common law action, or under any provision of the Missouri Statutes,'' and cites the cases of Schroeder v. Edwards, supra, and Smith v. Trimble-Compton

Produce Co., supra, as authority for this statement. We have previously analyzed these two cases and do not believe they are in point. .

Mortgages were recognized at common law 41 Corpus Juris, 273, and at an early date courts of equity "established the rule that in equity the debtor should still have a right to redeem after the breach of the condition at law;" this was called the equity of redemption. [41 C. J. 275.] It is true that in most of the states foreclosure proceedings are regulated by statute. "However, statutes regulating the procedure for foreclosure are not in derogation of the common law, and are not for that reason to be strictly construed." [41 C. J. 831.]

If this judgment of the district court was founded on a Kansas statute, such statute was declaratory of the common law as modified by the courts of equity and not in derogation of it. Therefore, it is not necessary to plead the Kansas law under the rule announced in Black on Judgment, as the district court was a court of general jurisdiction.

Nor do we think that the fact that the judgment bore ten per cent interest would make any difference.

In Kahn v. Mutual Insurance Co., 150 Mo. App. 393, l. c. 402, the Saint Louis Court of Appeals said:

"Presumably, the trial court computed interest on the principal sum at the legal rate of interest prevailing in Indian Territory, from July 1, 1903, to the date its judgment was entered, and on proof added thereto the $13.30 costs, and rendered judgment for the total amount thus ascertained. We think to have omitted the interest or the costs would have been a denial of the full amount plaintiff was entitled to recover."

In view of the record in this case we must presume that the judgment of the District Court of Kansas was correct in allowing ten per cent on this judgment.

Nor are those cases in point which hold it necessary to plead the laws of the state where the cause of action accrued when such cause is sought to be enforced in this State. To so hold, would destroy the presumption that a judgment of a court of general jurisdiction of a sister state is valid.

We hold that as the District Court of Kansas was a court of general jurisdiction and as it had jurisdiction of the persons of these appellants and that the judgment rendered by that court is not in derogation of the common law, that it is not necessary to plead the Kansas statute on which judgment was based. It will be presumed that the Kansas court followed its laws and entered a valid judgment in accordance with the issue made in that case.

The appellants further attack the petition in the case at bar because it "shows on its face that the said judgment rendered in

Leavenworth County, Kansas, in favor of the plaintiff and against these defendants, if it were so rendered was and is void in that it shows that the plaintiff procured a judgment against the defendants on notes executed by the plaintiff and by the plaintiff delivered to the defendant.''

We have searched the respondent's petition carefully and find no statement to that effect in it. All this petition alleges is that the plaintiff institued ''an action for the foreclosure of a mortgage to satisfy certain promissory notes'' in the District Court of Leavenworth County, Kansas, against the defendants.

To this petition was attached a certified copy of the Kansas judgment. This exhibit did contain a recital that the court ''further finds that there is due and owing of and from the last named defendants (appellants here) to the said plaintiff for and on account of their certain promissory notes totaling the sum of Thirteen Thousand ($13,000) Dollars duly executed and delivered by said *plaintiffs to said defendant*.''

We have repeatedly ruled that an exhibit is no part of a petition. Even if we were passing on a demurrer to the petition we could not consider this exhibit. [Chambers v. Carthel, 35 Mo. 374; Deitz v. Corwin, 35 Mo. 376; Phillips v. Evens, 64 Mo. 17; Pomeroy v. Fullerton, 113 Mo. 440, 21 S. W. 19; State ex rel. v. Haphe, 31 S. W. (2d) 788, 326 Mo. 460.]

In this condition of the record this point is not before us, but if it were, we believe that it was a mere clerical error that did not effect the validity of the judgment in that case. [Randall v. Snyder, 214 Mo. 23, 112 S. W. 529.]

We therefore hold that the petition in this case sufficiently pleaded the Kansas judgment to sustain the judgment in the case at bar. The judgment of the trial court is, therefore, affirmed. All concur.