establishing the merits, and the court was without power to divest the plaintiffs of their right to a new action by basing its adjudication on the merits.

The judgment must be reversed.

*Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.*

(117 App. Div. 110)

## OISHEI v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. ATTORNEY AND CLIENT—LIEN OF ATTORNEY—SETTLEMENT BY PARTIES.

The lien which an attorney bringing an action has on his client's cause of action, and which Code Civ. Proc. § 66, provides is not affected by a settlement between the parties, attaches to the fund in the hands of the defendant, on the parties settling the case, and·cannot be defeated by defendant paying all of it to plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 410, 411.]

2. SAME—ACTION TO ENFORCE LIEN—PARTIES.

Where the parties to an action settle the cause of action, the plaintiff therein is a necessary party to an action by his attorney to enforce his lien against the fund arising from the settlement.

3. COURTS—JURISDICTION—SITUATION OF PERSONAL PROPERTY.

Though the defendant in an action brought in the state, the claim asserted in which was settled by the parties unknown to the plaintiff's attorney, was a foreign corporation, and the plaintiff therein has left the state, a court of the state acquires jurisdiction to determine the amount of, and ·enforce, the lien of such attorney, a resident of the state, on the fund arising from the settlement, by an action brought by, such attorney for such purpose against such corporation and his client; the corporation which had, or was estopped to deny that it had, possession of the fund, being served in the state and appearing in the action, the client being brought in by substituted process, and the proceeding being in rem against the fund.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 48.]

4. ATTORNEY AND CLIENT—ACTION—FORM OF JUDGMENT—EXECUTION AGAINST CLIENT.

The judgment, in an action brought by an attorney to enforce his lien on the proceeds of a settlement made by the parties in an action brought by him as attorney for the plaintiff therein, need not provide that execution shall first issue against his client, though all the proceeds of the settlement had been paid to him; it being expressly found that he, though served with process, did not appear, that he was without the jurisdiction of the court, and that he was financially irresponsible.

5. REMOVAL OF CAUSES—EFFECT—PROCEEDINGS IN STATE COURT.

A state court has jurisdiction of an action by an attorney to enforce his lien on the proceeds of a settlement made by the parties to an action brought by him as attorney in a court of the state, though before the settlement the action had been removed to a federal court.

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Pennsylvania Railroad Company, impleaded with Giovanni Bonaddio. From a judgment for plaintiff, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

Norman B. Beecher, for appellant.

Nelson L. Keach, for respondent.

INGRAHAM, J. This action was brought to enforce an attorney's lien. It appears that on or about the 21st of February, 1901, the defendant Bonaddio was a passenger upon one of the trains of the defendant railroad company and received injuries thereon in the state of New Jersey; that on or about the 26th of February, 1901, the plaintiff, an attorney and counselor at law duly admitted to practice in the courts of this state, was employed and retained by Bonaddio to bring suit against the defendant railroad company to recover for the injuries sustained by him, and at that time made an agreement by which he was to pay the plaintiff one-third of any recovery had or settlement made with the said Pennsylvania Railroad Company by reason of the injuries so received, and the plaintiff was also to be entitled to any costs awarded in any proceeding brought to enforce such cause of action. Pursuant to this retainer, and on or about the 28th of February, 1901, an action was brought in the Supreme Court of this state by the defendant Bonaddio against the Pennsylvania Railroad Company; the plaintiff appearing as his attorney. On the 17th of June, 1901, the said railroad company settled the cause of action, to enforce which the action in the Supreme Court of this state was brought, for $1,500, which was paid to the defendant Bonaddio, from whom the company received a general release. Such settlement was effected and release delivered without the knowledge or consent of the plaintiff. The said Bonaddio has not paid the plaintiff any part of the amount for which the said cause of action was settled and adjusted, and is at present without the jurisdiction of the state and financially irresponsible.

Upon the plaintiff commencing the action against the Pennsylvania Railroad Company for the injuries which Bonaddio sustained while a passenger upon one of its trains, there accrued to the plaintiff a lien upon the cause of action sought to be enforced. Under section 66 of the Code of Civil Procedure this lien attached upon the commencement of the action to any "verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order." A lien of this character was before the Court of Appeals in Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395, and, while it was there held that the existence of this lien did not interfere with the client's right to settle the controversy, it was also held that upon such a settlement the claim or cause of action is extinguished, and the lien follows and attaches to the fund which represents the cause of action extinguished by the settlement, and the claim of the attorney for compensation for his services becomes a lien upon the fund in the hands of the railroad company which belongs to the client, and it stands in place of the cause of action, which, prior to the settlement, was subject to the lien, and that—

102 N.Y.S.—24

"The right of the parties to thus settle is absolute, and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and, if they had been paid over to the client, to insist that his share be ascertained and paid to him, for the defendant is estopped from saying that with notice of the lien he parted with the entire fund."

The lien thus having been attached to the fund in the hands of the railroad company, which stood in place of the cause of action upon which plaintiff had a lien, that lien could not be defeated by payment to the client, for defendant made such payment at its peril. It had at least constructive notice of the lien, and its duty was to ascertain the amount of the lien and retain it for the benefit of the attorney. The court said:

"A lien upon a claim or a cause of action follows the fund created by a settlement of the claim, which thereupon ceases to exist. It attaches to the amount agreed upon in settlement the instant that the agreement is made, and if the defendant pays over to the client, without providing for the lien of the attorney, he violates the rights of the latter and must stand the consequences. We think that the plaintiff had a lien upon the sum which the defendant agreed to pay to extinguish the cause of action, and that the law will not permit it to say that it has nothing in its hands to satisfy it. The lien was not affected by the adjustment, but leaped from the extinguished cause .of action to the amount agreed upon in settlement."

Applying this rule, it follows that, when the terms of the settlement were actually agreed upon, and the defendant had in its hands the sum of $1,500, such amount was subject to a lien in favor of this plaintiff for one-third of that sum, or $500. The defendant·having appeared in the action commenced in the Supreme Court of the state of New York, the courts of this state had jurisdiction, as it did not appear that plaintiff was a nonresident, and, the defendant holding in its hands the sum of $1,500 subject to a lien in favor of the plaintiff, it could not impair this lien or take from the plaintiff the right to enforce such lien by paying the money to the plaintiff in that action. See, also, Oishei v. Pennsylvania R. R. Co., 101 App. Div. 473, 91 N. Y. Supp. 1034; and Oishei v. Metropolitan St. Ry. Co., 110 App. Div. 709, 97 N. Y. Supp. 447.

As the plaintiff had a lien upon the fund in the hands of the defendant, in an action or proceeding to enforce such lien the client was a necessary party, as such client was entitled to the fund subject to the lien, and had a right to be heard as to the existence of the lien and the attorney's right to enforce it. Oishei v. Penn. R. R. Co., supra; Oishei v. Metropolitan St. Ry. Co., supra. This action was therefore properly brought against the railroad company, in whose hands the fund was at the time the lien attached, and against the client, who had a right to be heard before a part of his money in the possession of the railroad company could be appropriated to the payment of the plaintiff's lien. Since the settlement, however, the client has departed from this state and service of process upon him personally could not be had, and the defendant claims that the court, therefore, lost all jurisdiction to determine the amount of the lien. It bases this claim upon the allegation that, as it was a foreign corporation and the money upon which the lien attached was in its hands as such foreign corporation, the fund was, therefore, not within this state,

so that the rights of the several parties to the action to it could be adjudicated. The defendant, however, although a foreign corporation, was served in this state and appeared in this action. The court thus obtained jurisdiction over the person of the defendant, and had jurisdiction over the subject-matter of the action to enforce a lien on a cause of action, an action to enforce which was pending in this state. By the service upon the defendant and its appearance in this action the court obtained jurisdiction over the defendant, and could enforce on behalf of the plaintiff, a resident and citizen of this state, his right to the possession of the fund in its hands. The right to attach this fund and adjudicate as to whom it belonged attached when the court obtained jurisdiction of the person of the defendant, and the courts of this state, therefore, had the right to bring in by substituted service all those who had any interest in the fund, the ownership of which was in dispute. Here a defendant over whom the court had jurisdiction concededly had in its hands a fund, the ownership of which was in dispute between a citizen of this state and others who were without its jurisdiction. The defendant who had possession of the fund was before the court, and the court had jurisdiction over him and could enforce a judgment determining the ownership of the fund; and by virtue of the jurisdiction thus acquired over the corporation, in whose possession the fund was, the fund itself was within the jurisdiction of the court. The court, therefore, had power to call in all others interested in the fund by substituted service of process. As the question to be determined was the ownership of a fund subject to the jurisdiction of the court, the proceeding was in rem, and the judgment determining the ownership of the fund was binding upon all the parties to the action properly served by process, either personally or by substituted service as authorized by law.

The decisions relating to the jurisdiction obtained over property in the hands of a foreign corporation by a service of attachment upon an agent of the corporation situated within the jurisdiction in which the attachment proceeding was issued have no application to a case where the court has acquired jurisdiction over such foreign corporation by personal service of process within the jurisdiction or the voluntary appearance of such foreign corporation. If the plaintiff was the owner of a promissory note or bond of the Pennsylvania Railroad Company, and commenced an action to recover the amount of such note or bond, and obtained jurisdiction over the person of defendant, I apprehend that there could be no defense to such an action on the ground that the defendant was a foreign corporation; and if a nonresident of the state make a claim to such obligation, and such was made, and such defendant was brought in by service of process by publication, the jurisdiction of the court to determine the question as to who was entitled to recover upon such an obligation could not be questioned. The ownership of the obligation being the question in controversy, the court having obtained jurisdiction over the person of the defendant in the action to enforce that obligation would have a right to make any one whose presence was necessary a party to that action for the purpose of a complete determination of the question, and make service of process upon him by publication or otherwise as the statute required. An en-

tirely different question is presented where a debt or demand in favor
of a nonresident against a foreign corporation is sought to be attached
in an action in which the court has no jurisdiction over either the per-
son of the defendant or the cause of action or demand sought to be
attached.

There is nothing in the case of Morehouse v. Brooklyn Heights R.
R. Co., 185 N. Y. 520, 78 N. E. 179, which is at all inconsistent with
this view. It is true the court approved in that case of a judgment
which required the plaintiff to issue execution against the property of
the client, as the defendant company only became liable to pay in case
such execution issued against Nathan was returned unsatisfied. But
in this case it was expressly found that the client, although served with
process, did not appear; that he was without the jurisdiction of the
court, and was a day laborer financially irresponsible. The law never
requires an unmeaning ceremony to be performed before a substantial
right is enforced ,and, although a joint judgment is awarded against
both defendants, the provision that an execution should be issued and
returned unsatisfied against the client before the railroad company is
bound to pay, where the issuance of such an execution would, upon the
facts found, be entirely ineffectual, is not error. By payment of this
claim the railroad company would have a right to enforce the claim
against the client, or, by way of subrogation, the right to enforce the
judgment awarded against him. I think, therefore, the court had ju-
risdiction. These questions were discussed in Oishei v. Penn. R. R.
Co., supra, and Oishei v. Met. St. Ry. Co., supra; and, although it is
claimed by counsel for the defendant that such discussion in those cases
were obiter, the rule there announced received the approval of the
court, and we are satisfied that what was said is correct.

The other question presented upon this appeal is whether the court
lost jurisdiction to determine this question in consequence of the re-
moval of the action brought to enforce the cause of action upon which
the plaintiff had a lien to the United States Circuit Court before the
settlement. It is quite clear, however, that such removal did not affect
the plaintiff's lien upon the cause of action sought to be enforced as
the lien existed by operation of law. The right to the lien did not de-
pend in any way upon the decision or judgment of the United States
Circuit Court. The lien attached upon the commencement of the action
in the Supreme Court of the state of New York, and upon the settle-
ment attached to the fund in the hands of the defendant, which de-
termined the cause of action, and the relation between the plaintiff and
defendant was not different from that in any case in which the defend-
ant had in its hands a fund to which a lien had attached. The plaintiff,
therefore, had the right to apply to the Supreme Court of the state of
New York, a court of competent jurisdiction, to enforce that lien, if it
could get jurisdiction over the defendant railroad company who had in
its hands the fund to which the lien attached.

It follows, therefore, that upon the facts found, which are supported
by the evidence, the judgment in favor of the plaintiff was right, and
should be affirmed, with costs. All concur.