# WESTERN ASSURANCE COMPANY v. JAMES T. WALDEN et al., Appellants.

### Division One, November 29, 1911.

1. **EVIDENCE: Parol: Fact Established by Documentary.** Where the facts which defendant offered to prove by parol testimony had already been indisputably established by competent documentary evidence offered by plaintiff, it was not error to exclude the parol proof, even though it were competent. Where the transcript of the proceedings in garnishment of a foreign court affirmatively shows that defendants at bar were non-residents of the foreign State and that thereupon an order of publication was obtained and published, it is not error to refuse to permit defendants to show by parol testimony that they were not personally served in that garnishment proceedings.

2. ————: **Judgment of Foreign Court: Full Faith and Credit.** The transcript of the judgment and proceedings of a court of a foreign State, in favor of another plaintiff against the defendants at bar, showing that the court in which the cause was tried was a court of record, had a judge, a clerk and a seal, and duly authenticated according to the act of Congress governing such matters, is properly admitted in evidence, and from such a showing the law presumes that the foreign court was a court of general jurisdiction and had jurisdiction of the subject-matter and of the parties, and in the absence of proof to the contrary such presumption is conclusive. But the legal effect of such a judgment upon the matter in suit, like the legal effect of other competent evidence, is a question for adjudication.

3. ————: ————: **Attachment: Obtained by Publication: Personal Service on Garnishee: Full Faith and Credit.** A judgment *in personam* against a resident of this State rendered by a circuit court of Illinois, upon a mere publication, without service of process or entry of appearance, is absolutely void; but a judgment rendered upon such a service, where property is attached in the hands of persons within the jurisdiction of the court, who have been personally served, is valid and binding against the non-resident defendant served only by publication, to the extent of the property attached, or money and effects garnished in the hands of such personally served garnishee. Where defendants, residents of this State, were

238 Sup.—4

duly sued in attachment by publication by their creditor in Illinois, in which suit the plaintiff at bar, an insurance company, was summoned as garnishee, by personal service, to answer for the money it owed defendants on an insurance policy, which had been adjusted but not paid before that suit was instituted, a judgment there rendered against said insurance company was valid and binding upon defendants, to the extent of the money garnished in the hands of the insurance company; and that judgment is entitled to full faith and credit in the courts of this State, when a transcript thereof, duly authenticated according to the act of Congress, is introduced in evidence in the suit, by the insurance company against defendants, on an indemnifying bond.

4. **BOND: Consideration: Insurance Company: Garnishee.** A bond given to indemnify plaintiff against loss showing that plaintiff, an insurance company, in consideration of the execution of the bond by defendants, paid an insurance policy to them, expresses a consideration; and where plaintiff paid the face value of the policy to defendants (the insured) and, as garnishee, also, to their attaching creditors, it is entitled to recover by suit on the bond.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*H. W. Currey* for appellants.

(1) "Judgment or decree of a sister State against nonresident rendered in a suit in which the defendant did not appear and upon whom there was no personal service of process cannot be used as evidence for any purpose outside of the State in which the suit was brought." 7 Ency. Ev., p. 840. (2) "The full faith and credit clause of the Constitution of the United States does not apply to judgment *in rem.*" Reno on Nonresidents, secs. 188, 197, 200, 201; McCormick v. Elliott, 43 Fed. 469-473; Freeman v. Alderson, 119 U. S. 185; Elliott v. McCormick, 10 N. E. 709; Needham v. Thayer, 18 N. E. 429; Cole v. Cunningham, 133 U. S. 107; St. Clair v. Cox, 106 U. S. 350; Greenleaf on Evidence (18 Ed.), sec. 540; Smith v. McCutcheon,

38 Mo. 415; Abbott v. Shepherd, 44 Mo. 273; Crimm v. Crimm, 162 Mo. 544; Wilson v. Railroad, 108 Mo. 599. (3) The Arkansas Mining Company, plaintiff in this Illinois proceeding, Walden & Tarr, defendant in that proceeding, and the plaintiff in this case were all nonresidents of the State of Illinois; and there was no service on these defendants or any one of them. In such case the Illinois proceeding is null and void and should not have been received in evidence. The proceeding did not garnish the debt, which prior to that date had been paid to the creditor of the plaintiff company. Reimur v. Mfg. Co., 70 Fed. 573; Bullard & Hoagland v. Chaffie, 51 L. R. A. (Neb.) 715; Louisville, etc. Co. v. Nash, 41 L. R. A. (Ala.) 331. (4) The plaintiff being a Toronto, Canada, corporation, the debt which it, by virtue of its license to do business in this State, owed to citizens of this State could not be by it owing in Illinois, where, so far as the record shows, it was not licensed to do business. Swedish, Etc. Co. v. Bleecker, 72 Minn. 383; Torrille v. Railroad, 148 Mo. 621. (5) The court refused to permit the defendants, Walden & Tarr, the principals in the bond, to show they owed the plaintiff nothing. It was the garnishee's duty to make this defense for its own protection. This error ought to reverse the case. Connor v. Reaver, 103 N. Y. 527; Railroad v. News Co., 151 Mo. 390. (6) The sureties are favorites of the law. The condition in the bond, to "defend, keep harmless," etc., does not bind the sureties to either defend or keep harmless from proceedings in courts outside the State of Missouri, nor any suit not intended to enforce a then existing right to said insurance fund. (7) The plaintiff had paid its debt to the defendants, Walden & Tarr, before the beginning of this attachment in that State. This was a perfect defense, which it was the plaintiff's duty to plead and prove. Mercantile Co. v. Bettles, 58 N. A. 384; Smith v. McCutchen, 38 Mo. 416; Drake on Attachments, sec.

695; Railroad v. Lake, 32 N. E. 590; Railroad v. Parish, 33 N. E. 122; Railroad v. Creamer, 33 N. E. 238; Hendrix v. Hendrix, 103 Mo. App. 40. (8) Notice of garnishment served on plaintiff in Illinois is not judicial process. Todd v. Railroad, 33 Mo. App. 110; Wile v. Cohn, 63 Fed. 759. And copy of the notice and return appearing in the Illinois record does not prove that any funds were attached in plaintiff's hands. (9). The plaintiff's petition states no cause of action on the bond sued on against the defendants, for the reason that it appears from the face of the petition that there was no consideration for the giving of the bond by the defendants to the plaintiff. A contract entered into with a party to induce him to do what he had previously agreed to do, or to pay money which was admitted to be due, is without consideration. Lingfielder v. Wainwright Brewery Co., 103 Mo. 578; Wear Bros. v. Smeltzer, 92 Mo. App. 314; Wideman v. Brown, 33 Mich. 241; Railroad v. Morley, 45 Mo. App. 304; Swaggard v. Hancock, 25 Mo. App. 597. (10) The assumption of threatened danger or liability, which has no foundation in law or in fact, is not sufficient consideration for a promise upon which an action can be maintained. Cabot v. Haskins, 3 Pick. (Mass.) 83.

*McIntire & Scott* and *Fyke & Snider* for respondent.

WOODSON, J.—The plaintiff, the Western Assurance Company, was duly incorporated under the laws of Toronto, Canada, and at all the times hereinafter mentioned was lawfully engaged in the business of fire insurance in the State of Missouri and elsewhere.

The defendant Webb City Lumber Company was duly incorporated under the laws of this State, and engaged in the lumber business.

The defendant Webb City Iron Works was duly incorporated under the laws of this State, and engaged

.in the manufacture and sale of iron and the products
thereof.

The defendants Walden and Tarr were a copart-
nership engaged in the contracting business at Webb
City, Missouri.

On the 17th day of January, 1900, the plaintiff
issued to the defendants Walden & Tarr, its policy of
insurance, securing certain buildings and machinery
erected by them for the Arkansas Mining Company,
near Webb City, Missouri, against loss by fire in the
sum of $1000 for a period of one year. Shortly before
March 22, 1900, the property so insured burned down;
and on or about that date the loss was adjusted at
$1000.

Shortly before the adjustment, the Arkansas Min-
ing Company and one S. F. Danglade notified the plain-
tiff, the insurance company, that they had some kind
of a claim or lien on the insurance money, and for it
not to pay the same to Walden & Tarr, but the nature
of said claim or lien was not stated. Thereupon, the
insurance company declined to pay the money to Wal-
den & Tarr unless they would indemnify it against all
claims which have or may be hereafter made against
it, in connection with said policy or the moneys pay-
able thereunder, by said Arkansas Mining Company
or Danglade, or by any other person, etc.

On said 22nd day of March, 1900, the bond sued
on was signed and transmitted to the adjuster of the
insurance company at St. Louis. At that time such a
bond required a revenue stamp, and upon its receipt
the adjuster noticed its absence and returned it to the
attorneys of the obligors to be stamped, which was
done on March 27, 1900, and remailed by them to said
adjuster in St. Louis.

Said bond (formal parts omitted) was as fol-
lows:

"Know All Men by These Presents, That we
James T. Walden and Thomas Tarr, both of Webb

City in Jasper county in the State of Missouri, manufacturers, as principals, and J. A. Bowman, Webb City Lumber Co., by J. A. Bowman, Mgr., Webb City Iron Works by Geo. W. Wright, Mgr., and George W. Wright, of Webb City, in the county of Jasper, State of Missouri, as sureties, are jointly and severally held and firmly bound to the Western Assurance Company of Toronto, Canada, in the sum of fifteen hundred dollars to be paid to the said Western Assurance Company or to their successors or assigns, for which payment well and truly to be made we bind ourselves, us and each of us, our and each of our heirs, executors and administrators, firmly by these presents.

"Signed with our seals and dated this 22nd day of March, 1900.

"Whereas the Western Assurance Company of Toronto, through its agency at the said Webb City, did issue to the said Walden & Tarr, their policy of insurance number 1,659,483, on the 17th day of January, 1900, for the sum of one thousand dollars covering the property in the said policy mentioned against loss by fire.

"And whereas, a loss has occurred under the said policy, which loss has been adjusted between the assured and the company at the sum of one thousand dollars, and the said The Western Assurance Company is about to pay to the said Walden & Tarr the said sum in full satisfaction of the claim under the said policy.

"And whereas, certain persons and corporations claim to be the creditors of the said Walden & Tarr and whereas the Arkansas Mining Company and F. H. Danglade jointly and singly have served notice on the said Western Assurance Company not to pay the amount of the said loss to the said Walden & Tarr and have served notice that the said Arkansas Mining Company and F. H. Danglade jointly or severally claim to have some right or lien in or on the said

insurance money payable to the said Walden & Tarr,

"And whereas, the said Western Assurance Company has this day paid to the said Walden & Tarr the said sum of one thousand dollars in full satisfaction and discharge of all claims under or by virtue of the said policy.

"Now, Therefore the condition of this obligation is such that if the above bounded obligors or any of them or their heirs, executors or administrators or any of them do and shall from time to time and at all times hereafter save, defend, keep harmless and indemnify the said The Western Assurance Company, their successors or assigns from and against all or any claim or claims which has, have or may be hereafter made against the said Western Assurance Company under or in connection with the said policy or any of the moneys payable thereunder by the said Arkansas Mining Company or either of them or any other person or persons whomsoever and from any claim which has or may be made in favor of any person or corporation under or by reason of the Bankrupt Law in connection with the payment of the said sum to the said Walden & Tarr and from all costs, charges, damages and expenses that shall or may happen or arise from any such claim or claims made or to be made in connection with the said policy and the money payable and paid thereunder, then this obligation shall be void, but otherwise shall be and remain in full force, virtue and effect."

Then follow the signatures of the principals and their sureties.

On March 28, 1900, the day after the bond had been remailed to the adjuster in St. Louis, an attachment suit was brought in the circuit court of Cook county, Illinois, a court of record, by the Arkansas Mining Company against Walden & Tarr to recover $2500. They were duly served by publication, and on the same day a writ of garnishment was served on

the insurance company, which was doing business there. In due time the garnishee filed answer. Subsequently a trial was had which resulted in a judgment in favor of the Arkansas Mining Company for the sum of $1000 against the insurance company on account of the moneys alleged to be due Walden & Tarr, arising out of said policy of insurance. The insurance company was compelled to pay and did pay that judgment.

Notwithstanding the pendency of said attachment suit, counsel for Walden & Tarr insisted that the insurance company pay to their clients the $1000 due under the policy, assuring it all the while that the garnishment proceedings could not be successfully maintained, and promised the insurance company that they would deal fairly with it.

On April 12th, prior to the rendition and payment of the Illinois judgment, the insurance company paid Walden & Tarr the $1000. Upon demand by the insurance company upon Walden & Tarr to reimburse it for the sum paid under the Illinois judgment, they refused; and thereupon it brought this suit. A trial was had and the plaintiff recovered judgment against the defendants on said bond for the sum of $1283.25. From that judgment the defendants appealed to this court.

Counsel for appellants assign the following errors:

The court erred:

"1st. In the admission of improper and irrelevant evidence.

"2nd. In overruling defendant's objection to the introduction of the Illinois record.

"3rd. In refusing to give plaintiff's peremptory declaration of law and instruction to find for the defendant.

"4th.  In refusing to give instructions 1, 2, 3, 4, 5, 6 and 7 and also instruction 1 asked by the defendant.

"5th.  In holding that the Illinois proceedings are entitled to full faith and credit."

The instructions asked by counsel for appellants and refused by the court were as follows:

"1.  The court declares the law to be that under the pleadings and evidence in this case the finding and judgment should be in favor of the defendants.

"2.  The court declares the law to be that if the court, sitting as a jury, finds from the evidence that the Arkansas Mining Company was a corporation organized under the laws of Missouri and that the liability of the insurance policy described in plaintiff's petition and in the sum sued on was payable in the State of Missouri, and should further find that the defendants, Walden & Tarr, were, at the time of the Illinois garnishment proceeding, citizens and residents of the State of Missouri, and that neither said Walden nor said Tarr were personally served in said garnishment proceedings, then, and in such event, the finding must be for the defendants and against the plaintiff.

"3.  The court declares the law to be that plaintiff company being a corporation of Canada, if the court shall find that the Arkansas Mining Company, plaintiff in the Illinois proceedings, was a corporation of Missouri, and that defendants Walden & Tarr were, at the time of said garnishment proceedings, citizens and residents of Missouri and were not personally served in said Illinois proceedings, and that the obligation arising to said Walden and Tarr on the insurance policy described in the bond sued on, was a contract entered into in the State of Missouri and payable in the State of Missouri, then plaintiff was not subject to garnishment in the State of Illinois, on said proceedings, said obligation is void and plaintiff cannot recover in said action.

"4. The court declares the law to be that if de-. fendants Walden and Tarr were not served in the Illinois proceedings and did not appear in said action and were, at the time of said garnishment proceedings, citizens and residents of Missouri, and if the obligation of plaintiff company on the insurance policy described in the bond sued on, evidenced a contract of insurance entered into in the State of Missouri and that the obligation of the plaintiff to said Walden and Tarr on said insurance policy did not arise out of any contract entered into in the State of Illinois, then the finding must be for the defendants and against the plaintiff.

"5. The court declares the law to be that by the terms of the bond sued on in this case the obligor agreed to indemnify the plaintiff company against loss by reason of any claim which should be made to the money due the defendants Walden and Tarr, on the contract of insurance evidenced by the policy of insurance issued by the plaintiff corporation to the said defendants, Walden and Tarr, and that said contract of indemnity so evidenced by the said bond does not obligate the said defendants, Walden and Tarr, to indemnify the said insurance company against loss by reason of any suit which might be brought against the said insurance company by the Arkansas Mining Company, unless such suit was for the purpose of enforcing a specific lien on the money due the defendants, Walden and Tarr, from the said plaintiff company, and, if the court finds from the evidence in this case that the garnishment proceedings brought in the State of Illinois, the record of which has been introduced in evidence in this case, was not a proceeding to enforce any specific lien, but was an action of debt, and should further find that no proceeding was brought in the State of Illinois to enforce any lien on the said fund claimed by the Arkansas Mining Company, then, and

in such event, the finding must be for the defendants and against the plaintiff.

"6. The court further declares the law to be that the judgment in the case of the Arkansas Mining Company, plaintiff, vs. Walden and Tarr, defendants, in the circuit court of Cook county, Illinois, shown by the transcript offered in evidence by the plaintiff in this case, is void for want of jurisdiction of said court over the parties thereto and for want of jurisdiction over the subject-matter of said suit, and the said pretended judgment shown by said suit, and the said pretended judgment shown by said transcript rendered in said court against the plaintiff herein as garnishee in said cause is also void for want of jurisdiction of said court over the parties thereto and for want of jurisdiction of said court over the debt therein sought to be impounded in said cause, and the said pretended judgment was rendered without due process of law and in violation of article 4 of the amendments to the Constitution of the United States and in violation of section 30 of article 2 of the Constitution of the State of Missouri, and that to enforce the said judgment would be depriving the defendants of their property without due process of law.

"7. The court further declares the law to be that if it finds from the evidence that Arkansas Mining Company and the defendants, Walden and Tarr, were nonresidents of the State of Illinois, and that the said Walden and Tarr were not personally served with process in the State of Illinois and did not appear to the action in said court; and if the court further finds that the plaintiff herein, garnishee in said proceedings in said Cook County Circuit Court, was organized and existing under the laws of the Dominion of Canada and was not a citizen or resident of the State of Illinois, but that the said company kept an office in said Cook county, Illinois, for the transaction of business, then the debt sought to be impounded in said proceedings

had its situs in the residence and domicile of the corporation in Canada and not in Cook county, Illinois, and the pretended service of garnishment shown in the transcript offered in evidence by the plaintiff did not seize or attach any property of the defendants, Walden and Tarr, and the court acquired no jurisdiction to impound said debt and no jurisdiction of the garnishee therein, and the payment by the plaintiff of the pretended judgment in said proceedings was voluntary on its part, and the finding and judgment should be for the defendants.''

I.   Counsel for appellants first complain of the action of the circuit court in refusing to permit them to prove by parol testimony that Walden and Tarr had never been served with personal process in the attachment suit brought by the Arkansas Mining Company against them, in the circuit court of Cook county, Illinois, where the respondent, the Western Assurance Company, was garnished.

There was no pretense made at the trial of this case, that Walden and Tarr had been served with personal service in that case; but upon the contrary the transcript of the proceedings had in that cause was introduced in evidence by respondent and it affirmatively appears therefrom that Walden and Tarr were non-residents of the State of Illinois, and were not found therein.   The transcript further shows, that when it was made known to that court that they were nonresidents of that State and could not be found therein, then an order of publication against them was duly obtained and published according to the statutes of that State.

Upon this state of the record, even though it be conceded that the evidence offered was admissible, still we are unable to see in what possible manner the appellants were injured by its exclusion.

The facts they offered to prove thereby had already been indisputably established by documentary evidence introduced by counsel for respondent. Clearly there is no merit in this complaint of counsel for appellants.

II.  It is next insisted by counsel for appellants, that the transcript of the judgment and proceeding had in the case of the Arkansas Mining Company against Walden and Tarr, in the circuit court of Cook county, Illinois, was erroneously admitted in evidence, at the trial of this cause.

The record in this case discloses the facts that said judgment and transcript were duly authenticated according to the act of Congress governing such matters; also shows that the circuit court of Cook county, Illinois, is a court of record, and has a judge presiding, a clerk attending upon the same, as well as a seal of court.  Upon that state of facts the law presumes that such a court is a court of general jurisdiction and that it had jurisdiction of the subject-matter of the action pending therein, and of the parties thereto; and in the absence of proof to the contrary such presumption is conclusive.  [Van Fleet on Collateral Attack, secs. 845 and 847; American Mut. Life Ins. Co. v. Mason, 159 Ind. 15; Bailey v. Martin, 119 Ind. 103; Old Wayne Assn. v. McDonough, 164 Ind. 321; Pringle v. Woolworth, 90 N. Y. 502; Stewart v. Stewart, 27 W. Va. 167; Woodworth v. McKee, 126 Iowa, 714; Williams v. Williams, 53 Mo. App. 617; Seymoure v. Newman, 77 Mo. App. 578; Wilson v. Jackson, 10 Mo. 329; National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468.]

Section I of article IV of the Constitution of the United States provides that "full faith and credit shall be given in every State to the public acts, records and judicial proceedings of every other State."  Full faith and credit cannot be given to judgments and judicial

proceedings of another State, by the courts of this, except where those matters are called to the court's attention, and that can only be done in such a case by offering or introducing them in evidence. In the case at bar, they were introduced, and in our opinion were properly so; but what is the legal effect of the judgment after it was introduced in evidence is quite a different proposition, which will receive consideration in a subsequent paragraph.

III. Counsel for appellant insist that the judgment of the circuit court of Cook county, Illinois, in the case of the Arkansas Mining Company v. Walden and Tarr, the appellants here, and the Western Assurance Company, the respondent, in so far as they are concerned, is void for the reason that they were only served by publication, not by personal service, and for that reason, the judgment is not binding upon them.

There can be no question but what a judgment *in personam* against a nonresident of the State where the judgment was rendered, upon a mere order of publication, without service of any process, or an entry of appearance by the defendant, is absolutely void; and for that reason it is not entitled to full faith and credit in the courts of this State, under section I of article IV of the Federal Constitution. This is no longer an open or debatable question. [Pennoyer v. Neff, 95 U. S. 714; Reno on Nonresidents, sec. 188, 197, 200 and 201; Freeman v. Alderson, 119 U. S. 185; Cole v. Cunningham, 133 U. S. 107; St. Clair v. Cox, 106 U. S. 350; Greenleaf on Evidence (18 Ed.), sec. 540; Smith v. McCutcheon, 38 Mo. 415; Abbott v. Sheppard, 44 Mo. 272; Crim v. Crim, 162 Mo. 544; Wilson v. Railroad, 108 Mo. 599.]

But it is equally well settled that a judgment rendered upon such a service where property is seized by attachment or garnished in the hands of persons with-

in the jurisdiction of the court who have been personally served is valid and binding against the nonresident defendant, to the extent of the property attached, or money and effects garnished in the hands of the garnishee. [See cases last cited.] A debt due a citizen of this State by a citizen of another State or country, may be sued for in the courts of such State or country. [Wyeth Hardware & Manufacturing Co. v. Lang & Co., 127 Mo. 242; Howland v. Railroad, 134 Mo. 474; National Fire Insurance Co. v. Chambers, 53 N. J. Eq. 468; Harris v. Balk, 198 U. S. l. c. 225; Railroad v. Flannigan, 47 Ill. App. 322; Mooney v. Buford & George Mfg. Co., 18 C. C. A. 421.] All such judgments are entitled to full faith and credit under the provision of the Federal Constitution previously mentioned.

In the case at bar, while Walden & Tarr were nonresidents of the State of Illinois, nevertheless, they were duly served by publication to appear and defend the case of the Arkansas Mining Co. vs. themselves pending in the circuit court of Cook county, in which the Western Assurance Company, the respondent, was garnished, by personal service, for the $1000 it owed the appellants under the policy of insurance before mentioned, and which had been adjusted but not paid before the institution of that suit.

The judgment there rendered against the garnishee, the Assurance Company, was valid and binding upon it and upon Walden and Tarr, to the extent of the money garnished in the hands of said Assurance Company; and according to the authorities before cited, that judgment is entitled to full faith and credit in the courts of this State.

According to these views, we must hold that the trial court properly refused all of the instructions asked by counsel for appellants, declaring the law to be to the contrary.

IV.   It is finally insisted by counsel for appellants that the petition does not state a cause of action against the defendants, for the reason that it appears from the face thereof that there was no consideration for the execution of the bond.

This insistence is without merit.   It shows that in consideration of the giving of the bond, the respondent paid the policy of insurance to the appellants, which it would not have done had it not been for the execution of the same; and had the respondent not voluntarily paid Walden and Tarr the amount due under the policy, it could never have been compelled to so do, for the reason that it could have successfully pleaded the Cook county judgment rendered against it and its payment.   That would have constituted a perfect bar against any suit they might have brought against it.

Had it pursued that course it would have paid the policy only once, but relying upon the bond they not only paid Walden and Tarr the amount due under the policy, but were also required to pay the same amount due under the policy, for them, to the Arkansas Mining Company, in obedience of the judgment of the circuit court of Cook county.

We are therefore of the opinion that the judgment should be affirmed and it is so ordered.   All concur.