## OLDMIXON v. PENNSYLVANIA R. CO. et al.

### No. 5085.

District Court, E. D. New York.
July 5, 1932.

John C. Robinson, of New York City (Morris A. Wainger, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City, for defendants.

MOSCOWITZ, District Judge.

This is a motion for an order vacating and setting aside the service of a summons and complaint upon the defendant Jacob H. Root.

This action is one to foreclose an attorney's lien under section 475 of the Judiciary Law of the state of New York (Consol. Laws, c. 30), on the proceeds of the settlement of an action wherein Jacob H. Root was plaintiff and the defendant Pennsylvania Railroad Company was defendant. The action was commenced in this court, and the plaintiff herein was the attorney for the plaintiff in that action.

According to the complaint filed herein that action was settled between the parties without the knowledge or consent of the plaintiff and without payment of his lien for services.

The same attorneys who appeared for the Pennsylvania Railroad Company defendant in the original action appear for that defendant as well as the defendant Root in this action.

This action to foreclose the attorney's lien was originally commenced in the Supreme Court of the state of New York, Queens county. Personal service was effected on the railroad company, and after such service an order was made by the state Supreme Court, directing service by publication of the summons herein on the defendant Root as a nonresident. Personal service was made upon him outside of the state in lieu of publication in accordance with the provisions of section 233 of the Civil Practice Act of the state of New York.

After service was completed, the case was removed to this court on the ground of diversity of citizenship. A general appearance was entered on behalf of the Pennsylvania Railroad Company, which has since served and filed its answer, and a special appearance was entered by the same attorneys for the defendant Root.

Under the laws of the state of New York, as decided by the courts of that state in Oishei v. Pennsylvania R. R. Co., 117 App. Div. 110, 102 N. Y. S. 368, 369 (affirmed 191 N. Y. 544, 85 N. E. 1113) proper service was made on the defendant.

■ The claim is that such service could not be made if the action was originally brought in this court. That is not the test. The state court had jurisdiction. According to defendant's theory, the service of process in every case removed from the state court to the federal court would have to be set aside where the service which was made in the state court action was outside the territorial limits of the particular district to which it was removed. Under such service, where the action was removed to this court upon defendant's application, if the state court had jurisdiction and the action was removed to this court, this court retained the jurisdiction acquired under the state law, both of the parties and subject-matter, therefore the question as to whether or not jurisdiction of the parties is properly acquired depends upon the state law.

■ Plainly speaking the problem presented is, Did the state court have jurisdiction? If there was no fund, the state court had no jurisdiction, then in that instance this court cannot acquire jurisdiction. Defendant's contention is, having settled the original action by payment, that it has no fund in its possession.

Certainly the attorney had a lien upon the cause of action while the action was pending and his lien is not extinguished by a settlement of the action, his lien should attach upon the funds in the hands of the Pennsylvania Railroad Company. This question was carefully considered by the Appellate Division, First Department in the case of Oishei v. Penna. R. R. Co., supra. In that case the court decided:

"Upon the plaintiff commencing the action against the Pennsylvania Railroad Company for the injuries which Bonaddio sustained while a passenger upon one of its trains, there accrued to the plaintiff a lien upon the cause of action sought to be enforced. Under section 66 of the Code of Civil Procedure this lien attached upon the commencement of the action to any 'verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order.' A lien of this character was before the Court of Appeals in Fischer-Hansen v. B. H. R. R. Co., 173 N. Y. 492, 66 N. E. 395, and, while it was there held that the existence of this lien did not interfere with the client's right to settle the controversy, it

was also held that upon such a settlement the claim or cause of action is extinguished, and the lien follows and attaches to the fund which represents the cause of action extinguished by the settlement, and the claim of the attorney for compensation for his services becomes a lien upon the fund in the hands of the railroad company which belongs to the client, and it stands in place of the cause of action, which, prior to the settlement, was subject to the lien, and that—'The right of the parties to thus settle is absolute, and the settlement determines the cause of action and liquidates the claim. This necessarily involves the reciprocal right of the attorney to follow the proceeds of the settlement, and, if they had been paid over to the client, to insist that his share be ascertained and paid to him, for the defendant is estopped from saying that with notice of the lien he parted with the entire fund.' The lien thus having been attached to the fund in the hands of the railroad company, which stood in place of the cause of action upon which plaintiff had a lien, that lien could not be defeated by payment to the client, for defendant made such payment at its peril. It had at least constructive notice of the lien, and its duty was to ascertain the amount of the lien and retain it for the benefit of the attorney. The court said: 'A lien upon a claim or a cause of action follows the fund created by a settlement of the claim, which thereupon ceases to exist. It attaches to the amount agreed upon in settlement the instant that the agreement is made, and if the defendant pays over to the client, without providing for the lien of the attorney, he violates the rights of the latter and must stand the consequences. We think that the plaintiff had a lien upon the sum which the defendant agreed to pay to extinguish the cause of action, and that the law will not permit it to say that it has nothing in its hands to satisfy it. The lien was not affected by the adjustment, but leaped from the extinguished cause of action to the amount agreed upon in settlement.' Applying this rule, it follows that, when the terms of the settlement were actually agreed upon, and the defendant had in its hands the sum of $1,500, such amount was subject to a lien in favor of this plaintiff for one-third of that sum, or $500. * * *

"The defendant, however, although a foreign corporation, was served in this state and appeared in this action. The court thus obtained jurisdiction over the person of the defendant, and had jurisdiction over the subject-matter of the action to enforce a lien on a cause of action, an action to enforce which was pending in this state. By the service upon the defendant and its appearance in this action the court obtained jurisdiction over the defendant, and could enforce on behalf of the plaintiff, a resident and citizen of this state, his right to the possession of the fund in its hands. The right to attach this fund and adjudicate as to whom it belonged. attached when the court obtained jurisdiction of the person of the defendant, and the courts of this state, therefore, had the right to bring in by substituted service all those who had any interest in the fund, the ownership of which was in dispute. Here a defendant over whom the court had jurisdiction concededly had in its hands a fund, the ownership of which was in dispute between a citizen of this state and others who were without its jurisdiction. The defendant who had possession of the fund was before the court, and the court had jurisdiction over him and could enforce a judgment determining the ownership of the fund; and by virtue of the jurisdiction thus acquired over the corporation, in whose possession the fund was, the fund itself was within the jurisdiction of the court. The court, therefore, had power to call in all others interested in the fund by substituted service of process. As the question to be determined was the ownership of a fund subject to the jurisdiction of the court, the proceeding was in rem, and the judgment determining the ownership of the fund was binding upon all the parties to the action properly served by process, either personally or by substituted service as authorized by law."

It appears that the state court had jurisdiction of the parties and subject-matter; therefore this court has jurisdiction.

Motion denied.

Settle order on notice.