## OCTOBER, 1935.

STATE OF MISSOURI, AT THE RELATION OF JAMES K. RICHARDSON AND ROBERT B. RICHARDSON, RELATORS, v. HONORABLE FRED E. MUELLER, JUDGE OF DIVISION 3, CIRCUIT COURT OF COUNTY OF ST. LOUIS, STATE OF MISSOURI, C. KENNETH THIES AND JACOB M. LASHLY, RESPONDENTS.—90 S. W. (2d) 171.

St. Louis Court of Appeals. Opinion filed February 4, 1936.

Motion for rehearing overruled February 18, 1936.

*Lashly, Lashly & Miller* for respondents.

*Cobbs & Logan* for relators.

*Carter & Jones, amicus curiae.*

SUTTON, C.—The relators, James K. Richardson and Robert B. Richardson, on May 10, 1935, filed in this court their petition praying the issuance of a writ of prohibition, restraining respondents, the Honorable Fred E. Mueller, Judge of the Circuit Court of St. Louis County, C. Kenneth Thies, and Jacob M. Lashly, from taking any further action or asserting any jurisdiction, in so far as relators or their property is concerned, in a suit brought by respondents C. Kenneth Thies and Jacob M. Lashly, as plaintiffs, against the Sun Life Assurance Company of Canada, Stanley P. Richardson, James K. Richardson, and Robert B. Richardson, as defendants, in said circuit court, before said respondent the Honorable Fred E. Mueller. Upon the filing of said petition a preliminary rule in prohibition issued. The parties have submitted the case here as upon a demurrer to the petition on the ground that the petition fails to state facts sufficient to show that the relators are entitled to prohibition.

The facts as disclosed by the petition are substantially as follows:

The relators, James K. Richardson and Robert B. Richardson, who are nonresidents of the State of Missouri, and one Stanley P. Richardson, who is a brother of relators and a resident of St. Louis County, Missouri, upon the death of their father, asserted a claim against the Sun Life Assurance Company for the proceeds of certain insurance policies covering the life of the Richardsons' father. In addition to the Richardsons' claim, there was another claim made against the Assurance Company for the proceeds of the insurance, the nature of which is not relevant to the questions raised in this proceeding. The Assurance Company, which is a Canadian corporation, duly licensed to carry on business in Missouri as a foreign insurance corporation, refused to recognize the Richardsons' claim.

Thereafter, the relators, James K. Richardson and Robert B. Richardson, and their brother, Stanley P. Richardson, employed respondents C. Kenneth Thies and Jacob M. Lashly, attorneys at law, and residents of the City of St. Louis, Missouri, pursuant to a written contract signed and executed in the State of Missouri, to perform such legal services as might be necessary to obtain a satisfactory recognition of their claim. This written contract provided that respondents Thies and Lashly, hereinafter referred to as respondents, should have twelve and one-half per cent of said proceeds of insurance in the possession of said Assurance Company in the event of recovery by suit, settlement, or otherwise, in consideration for legal services performed and to be performed by respondents. The Assurance Company was duly notified of the lien claimed by respondents in accord-

ance with the provisions of section 11717, Revised Statutes 1929, Mo. St. Ann., sec. 11717, p. 633, relating to liens of attorneys.

Respondents duly performed the obligations imposed upon them in said written contract by performing the legal services therein provided for, and as a result thereof the Richardsons adjusted and settled with the Assurance Company the claim which they asserted against it. The Assurance Company, in settlement and adjustment of said claim, executed and issued to Stanley P. Richardson and relators deposit agreements which provided for the payment of $10,000 to Stanley P. Richardson, $15,000 to James K. Richardson, and $10,000 to Robert B. Richardson, upon their attaining a certain designated age. The Richardsons refused to compensate respondents for their legal services rendered as provided for in said written contract, and the Assurance Company refused to recognize respondents' lien upon the fund held by it for the relators.

Thereafter, respondents instituted in the Circuit Court of St. Louis County an action against the said Assurance Company and the said Stanley P. Richardson, James K. Richardson, and Robert B. Richardson, to obtain a decree of said court adjudging a subsisting attorney's lien in favor of respondents on said fund in the hands of said Assurance Company.

The Assurance Company was duly served with process pursuant to the provisions of section 5894, Revised Statutes 1929, Mo. St. Ann., sec. 5894, p. 4495, and made a general appearance to said suit. Service of process in said suit was obtained upon the relators in the State of Michigan pursuant to the provisions of sections 739 and 748, Revised Statutes of Missouri, 1929, Mo. St. Ann., secs. 739 and 748, pp. 959 and 971.

It is to prohibit further proceedings in that suit so far as concerns relators or their property that the present action is brought.

Sections 739 and 748 provide for service on nonresident defendants by publication or by delivery of a copy of the petition and summons to each nonresident defendant in suits "in partition, divorce, attachments, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens, and all other liens against real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court."

Relators in support of their petition for prohibition insist that the circuit court has acquired and can acquire no jurisdiction of relators, by service under the provisions of said sections 739 and 748, because the property—the fund in the hands of the Assurance Company—on which a lien is sought to be enforced, is not "within the jurisdiction of the court."

We are thus confronted with a question of first impression in this State.

Relators liken the suit in the circuit court to a garnishment proceeding in attachment, and cite Douglas v. Phenix Insurance Co., 138 N. Y. 209, and Everett v. Walker (Colo.), 36 Pac. 616, as supporting the view, that, inasmuch as it is the well settled rule that the *situs* of a debt or obligation is at the domicile of the owner, therefore, where a nonresident insurance company is garnished in an attachment suit brought in the State of the plaintiff's residence against a nonresident creditor of the insurance company, the *situs* of the debt, ·not being within the State where the suit is brought, the debt is not within the jurisdiction of the court, so as to authorize substituted service on the nonresident creditor, though the nonresident insurance company is duly served with process within the State according to the laws thereof, and makes a general appearance to the suit, so as to authorize a personal judgment against it.

However, the view announced in those cases appears to be out of accord with the decisions in this State.

In Western Assurance Co. v. Walden & Tarr, 238 Mo. 49, 141 S. W. 595, the Western Assurance Company, a Canadian corporation, licensed to do business in Missouri and in Illinois, became indebted to Walden and Tarr, residents of Missouri, on a policy of insurance. The Arkansas Mining Company, a Missouri corporation, and one Danglade, a resident of Missouri, claimed that they were creditors of Walden and Tarr, and that they had a lien on the proceeds of said insurance. Walden and Tarr refused to pay said Arkansas Mining Company. Thereafter, the Arkansas Mining Company, which, as already said, was a Missouri corporation, and therefore a resident of Missouri and a nonresident of the State of Illinois, brought suit in the State of Illinois against Walden and Tarr, residents of Missouri and nonresidents of the State of Illinois, to collect the claimed indebtedness of Walden and Tarr to the Mining Company. A writ of garnishment was issued and served on the Western Assurance Company, a Canadian corporation, in the State of Illinois, and the Western Assurance Company answered that it was indebted to Walden and Tarr in the sum of $1,000. Service was had on Walden and Tarr only by publication. The Illinois suit resulted in a judgment for $1,000 in favor of the Mining Company, the Missouri plaintiff. The question was raised as to whether or not Walden and Tarr were bound by the Illinois judgment. The Supreme Court of Missouri held that Walden and Tarr were concluded by that judgment, and that the debt owing by the Western Assurance Company to Walden and Tarr, residents of Missouri, had its *situs* in Illinois for the purpose of garnishment.

In Wyeth Hardware & Manufacturing Co. v. H. F. Lang & Co., 127 Mo. 242, 29 S. W. 1010, the court held that a debt due a resident

of Missouri by a resident of Kansas may be garnished in Kansas, in a suit against the Missouri creditor by the Kansas resident, although service on the Missouri creditor is made by publication only. The court recognized the rule that ordinarily a debt without reference to where payable is deemed attached to the person of the owner so as to have its *situs* at his domicile, but held that this fiction does not obtain in a garnishment proceeding in attachment, and thereupon said: ''Wherever the creditor might maintain a suit to recover the debt, there it may be attached as his property, provided the laws of such place authorize it.''

But relators insist that a foreign insurance company is not suable in this State by a nonresident creditor of such insurance company on a cause of action arising outside this State, for the reason that under the construction placed upon section 5894, Revised Statutes 1929, Mo. St. Ann., sec. 5894, p. 4495, by our Supreme Court, in State ex rel. American Central Life Insurance Co. v. Landwehr, 300 S. W. 294, service cannot be had on the insurance company under the provisions of said section, since in such case the suit is not based on a policy or liability of the insurance company ''outstanding in this State.'' It may be pertinent to observe in this connection that the statute does not concern the suability of the foreign insurance company in this State, but concerns only the service of the insurance company so as to obtain jurisdiction over its person. It does not concern the jurisdiction of the subject matter. [Burg v. Knox (Mo.), 67 S. W. (2d) 96, 1. c. 99; State of Kansas ex rel. Winkle Terra Cotta Co. v. United States Fidelity & Guaranty Co. (Mo.), 14 S. W. (2d) 576; Moseley v. Victory Life Ins. Co. (Mo. App.), 45 S. W. (2d) 119.]

However, the suit involved in the instant case is not a garnishment proceeding. It is not a suit against the relators in which it is sought to impound a debt due from the Assurance Company to the relators by the process of garnishment so as to apply it to the payment of what the relators owe the respondents. It is a suit in which the Assurance Company is called upon to answer on a direct obligation of the Assurance Company to the respondents. It is a suit to enforce respondents' lien on the fund arising from the settlement made by the Assurance Company with the relators, to the end that the Assurance Company may be required to pay out of such fund the amount due respondents for their services as attorneys, in discharge of its obligation arising by virtue of such lien. That obligation is a liability ''outstanding in this State.''

The circuit court has acquired jurisdiction of the Assurance Company both by service on the superintendent of insurance and by a general appearance of the Assurance Company. Relators are necessary parties, as they are entitled to the fund arising from the settle-

ment subject to respondents' lien and are entitled to be heard as to the existence of the lien and respondents' right to enforce it.

There is thus raised, for decision here, the question, Is the fund arising from the settlement "within the jurisdiction of the court," so as to authorize substituted service on relators? Questions such as this, though none such has ever been decided by the courts of this State, have been under decision in the courts of New York.

In Oishei v. Pennsylvania Railroad Co., 117 App. Div. 110, 102 N. Y. S. 368, which was an action to enforce an attorney's lien, one Bonaddio, a nonresident of the State of New York, was a passenger upon one of the trains of the defendant railroad company, a foreign corporation licensed to do business in the State of New York, and received injuries thereon in the State of New Jersey. The plaintiff, an attorney at law, duly admitted to practice in the State of New York, was employed and retained by Bonaddio to bring suit against the defendant railroad company to recover for the injuries sustained by him, and at that time made an agreement by which he was to pay the plaintiff one-third of any recovery had or settlement made with the defendant railroad company for the injury so received. Pursuant to this employment, an action was brought in the Supreme Court of the State of New York by Bonaddio against the defendant railroad company, the plaintiff appearing as his attorney. Afterwards, the defendant railroad company settled the cause of action, to enforce which the action in the Supreme Court of New York was brought, for $1500, which was paid to the defendant Bonaddio, from whom the company received a general release. In the suit to enforce the attorney's lien, the contention was made that because the defendant railroad company was a nonresident of the State of New York, though served with process in that State, and the defendant Bonaddio was a nonresident of that State and was not served with process in that State, the court was without jurisdiction to determine the rights of the respective parties to the fund to which the lien attached in possession of the nonresident defendant railroad company. In other words, it was contended that because the fund to which the lien attached was in the possession of a nonresident corporation the fund was not within the jurisdiction of the New York court, so as to authorize the court to bring in the nonresident defendant Bonaddio by substituted service. In disposing of this contention the court said:

"By the service upon the defendant and its appearance in this action the court obtained jurisdiction over the defendant, and could enforce on behalf of the plaintiff, a resident and citizen of this State, his right to the possession of the fund in its hands. The right to attach this fund and adjudicate as to whom it belonged attached when the court obtained jurisdiction of the person of the defendant, and the courts of this State, therefore, had the right to bring in by sub-

stituted service all those who had any interest in the fund, the ownership of which was in dispute. Here a defendant over whom the court had jurisdiction concededly had in its hands a fund, the ownership of which was in dispute between a citizen of this State and others who were without its jurisdiction. The defendant who had possession of the fund was before the court, and the court had jurisdiction over him and could enforce a judgment determining the ownership of the fund; and by virtue of the jurisdiction thus acquired over the corporation, in whose possession the fund was, the fund itself was within the jurisdiction of the court. The court, therefore, had power to call in all others interested in the fund by substituted service of process. As the question to be determined was the ownership of a fund subject to the jurisdiction of the court, the proceeding was *in rem,* and the judgment determining the ownership of the fund was binding upon all the parties to the action properly served by process, either personally or by substituted service as authorized by law.''

That case was later affirmed without an opinion by the New York Court of Appeals. [See Oishei v. Pennsylvania R. Co., 85 N. E. 1113, 191 N. Y. 544.]

In McKennell v. Payne, 197 App. Div. 340, 189 N. Y. S. 7, a like rule was announced. That was an action brought by a New York lawyer against Payne as United States Director General, operating the Lehigh Valley Railroad Company, and the administratrix of McDermott, to foreclose his lien upon a settlement, made by the director general with the administratrix, of her cause of action as administratrix to recover damages for the death of her husband, McDermott, who was killed in New Jersey through the negligence of the director general in the operation of said railroad. The administratrix retained the plaintiff to take and prosecute legal proceedings against the director general to recover damages, and agreed to pay plaintiff for his services one-third of any amount that might be recovered by settlement, verdict, or judgment. Under that retainer, plaintiff, as attorney for the administratrix, brought an action against the director general in New Jersey in the name of the administratrix to recover damages for McDermott's wrongful death. Thereafter, the director general settled said action with the administratrix by paying her the sum of $15,000. Plaintiff then brought an action in New York to foreclose his lien. The administratrix was a resident of New Jersey and could not be personally served in New York. Personal service was had on the director general in that State. Service was had on the nonresident administratrix by publication. It was contended by the administratrix that the New York court had no jurisdiction of the fund arising from the settlement, because the settlement was made in New Jersey and the whole fund was paid to the administratrix there, and that therefore the court acquired no jurisdiction of the ad-

ministratrix, and could acquire none, by service by publication. In disposing of this contention the court said:

"However, I find that, as claimed by the learned counsel for respondent here, it has been held clearly by our courts in this State that under such circumstances and in such an action the defendant company (here the Director General) must conclusively be presumed to have retained in its actual possession enough of the settlement fund to meet and discharge the lien. [Sargent v. McLeod, 209 N. U. 360, at page 365, 103 N. E. 164, 52 L. R. A. (N. S.) 380; Oishei v. Pennsylvania Railroad Co., 117 App. Div. 110, at page 114, 102 N. Y. Supp. 368, affirmed without opinion 191 N. Y. 544, 85 N. E. 1113.]

"The latter case was precisely like this, except that, while the accident happened in the State of New Jersey, the original action was brought in this State, and presumptively the settlement made therein. I cannot conceive that that makes any difference. This action as brought is clearly one *in rem*, and no personal judgment against the appellant is asked. It seems to me that, if it must be conclusively presumed that the defendant, the Director General, has actually retained and still has in his possession the identical $5,000, upon which the plaintiff claims a lien, plaintiff may maintain his action in this State to foreclose his lien upon that fund as 'one affecting specific personal property,' 'which is within the jurisdiction and control of the court,' as being in the actual possession of the defendant, the Director General, and that by personal service upon him such property is brought within the jurisdiction and control of this court.''

The instant case is a stronger one for respondents than the New York cases, since in the instant case the fund arising from the settlement remains in the actual possession of the Assurance Company and no presumption or fiction need be indulged to bring the fund within the jurisdiction of the court.

Palmer v. Bank of Sturgeon, 281 Mo. 72, 218 S. W. 873, and State ex rel. Bowling Green Trust Co. v. Barnett, 245 Mo. 99, 149 S. W. 311, relied on by relators are so clearly distinguishable on their facts from the instant case that a discussion of them here could serve no useful purpose.

Relators, in their reply brief, contend that their cause of action against the Assurance Company, which respondents were employed to enforce, was not within the jurisdiction of the courts of this State, and that therefore the Missouri statute gave respondents no lien thereon for their services. We think the contention is untenable. The contract of employment with which we are here concerned is a Missouri contract. It was made by relators in Missouri with residents of Missouri, retaining them to render services for relators to enforce their cause of action. The provisions of the Missouri statute became a part of the contract and fixed a lien upon the cause of action, as much so as if an express provision for a lien had been written into it.

The case of Plummer v. Great Northern R. Co., 60 Wash. 214, relied on by relators, is not in point. The Washington statute allowed an attorney's lien only in case where there was an action or proceeding pending. The court held that an action or proceeding in some court in the State of Washington was contemplated. Our statute allows a lien without the bringing of any action, and the lien attaches as soon as notice is given. [Wait v. Atchison, Topeka & Santa Fe R. Co., 204 Mo. 491, 103 S. W. 60.] Moreover, in the Washington case the cause of action on which a lien was sought to be established did not arise at common law, but arose under the compensation laws of British Columbia, and the attorneys brought suit for their client under the compensation laws of British Columbia, recovered judgment, and received the fee provided for by such compensation laws.

We think the New York cases are soundly ruled, and we can see no difference in principle between those cases and the case at bar.

We are of the opinion that the preliminary rule issued herein should be discharged and a peremptory writ denied. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court.

The preliminary rule issued herein is accordingly discharged, and a peremptory writ denied. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.